## TYNER *v.* HAMILTON ET AL.

GUARDIAN AND WARD.—*Ratification.* — *Release by Ward of Guardian's Sureties.*—A guardian, in purchasing land for herself, used in payment a note given her as guardian on the sale of her ward's land, and the ward, upon coming of age, ratified and confirmed in writing the purchase as an investment of his estate, and released all right of action against certain named sureties on the bond of his guardian, but expressly excepted others.

*Held,* that by such ratification and release a surety so excepted therefrom was also released.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellant.

*W. W. Herod* and *F. Winter,* for appellees.

BIDDLE, J. — Margaret Hamilton was the guardian of John W. Hamilton. By order of court, she sold, as such guardian, certain lands belonging to her ward, to Archibald Buchanan, and took his promissory note for the purchase-money. Afterwards, she purchased of John J. Phillips a farm lying in Bartholomew county, in this State; Phillips purchased certain lands lying in the State of Kansas of

Tyner; Margaret Hamilton, in part payment of the purchase-money for the farm which she bought of Phillips, surrendered the note she had obtained for her ward's land to Buchanan, who, in discharge of the note, included the amount in a larger note which he made directly to Tyner. Phillips accepted the arrangement as so far a payment on the farm he sold to Margaret Hamilton, and Tyner accepted it as so far a payment on the Kansas lands which he sold to Phillips. The parties were all together; and at the same time and place, Buchanan made his note to Tyner and took up the note from Margaret Hamilton, Phillips conveyed the farm to Margaret Hamilton, and Tyner conveyed the Kansas lands to Phillips. The arrangement was but one transaction.

John W. Hamilton brought this suit against Margaret Hamilton and Tyner, to recover the value of the note surrendered to Buchanan by Margaret Hamilton, and included in the note made by Buchanan to Tyner, which note, thus surrendered, as he alleges, was his property, and was thus converted by Margaret Hamilton and Tyner to their own use.

Margaret Hamilton defaulted. Tyner answered. Issues of fact were formed, jury waived, trial by the court, finding for the plaintiff, motion for a new trial overruled, judgment, and appeal by Tyner. Margaret Hamilton declined to join in the appeal.

The evidence is before us, amongst which is found the following release, executed by John W. Hamilton after his majority:

"Whereas my late guardian, Margaret K. Hamilton, during the existence of said guardianship and my minority, invested the sum of about one thousand dollars of my estate in her hands as my guardian, the same being evidenced by a promissory note given by Archibald Buchanan to my said guardian, in the purchase of certain real estate in Bartholomew county, in the State of Indiana, to wit:" (describing the land); "and whereas disputes and controversies have arisen with respect to the right of my said guardian to make such

Tyner *v.* Hamilton *et al.*

investment, the propriety and judiciousness of such invest-ment, and.as to whether or not such investment has been rat-ified and confirmed by me since my arrival at majority, which said disputes and controversies were likely to result in litigation upon the bond of my said guardian against the sureties thereon; now, therefore, in consideration of the full settlement and compromise of all such disputes and con-troversies, in so far as they related to my right of action in my favor on said bond, against William Parkison and Wil-liam Pace, or either of them, as sureties on said bond, or otherwise, and the payment to me by them of the sum of five dollars, I do hereby ratify and confirm the said act of my said guardian in so investing said money, and release any and all right of action I may have against said Parkison or Pace, or either of them, on account of said act of my said guardian, as sureties on my said guardian's bond, or other-wise. But nothing herein contained is to be construed as a release of John J. Phillips on said bond."

Whatever might have been the liability of Tyner under the facts proved, this release, although not given to him directly, is a bar to the action. The ratification of the trans-action of his guardian by John W. Hamilton, after his major-ity, with a full knowledge of the facts recited in the release, makes her acts in the premises as effectually his own as if he had been of age at the time, and had done them himself. *Fetrow* v. *Wiseman,* 40 Ind. 148.

The judgment as to Tyner is reversed, and the cause remanded, with instructions to grant the motion for a new trial, and for further proceedings according to this opinion.

## ON PETITION FOR A REHEARING.

BIDDLE, C. J.—The counsel for appellees think the deed of ratification made by John W. Hamilton, confirming the acts of his guardian, does not protect Tyner, because not made directly to him. We are of a different opinion. It not only protects Tyner and all persons holding under the

acts of the guardian, but also discharges Phillips, although it excepts him from its terms, in express words. A release of one or more joint obligors in a bond is a release of all. John W. Hamilton cannot discharge a part of those bound to him, and hold the others. This is a very familiar principle of law. The point was not noticed in the opinion pronounced, because it did not arise in the case, and is noticed now only in answer to the appellees' petition.

The petition is overruled.