## American Bonding Company of Baltimore, Maryland, *v.* Hall et al.

[No. 8,439.   Filed October 29, 1914.   Rehearing denied
January 20, 1915.]

1. Receivers.—*Bonds.*—*Release of Surety.*—*Power of Court.*—The court has no power to release the surety on the bond of a receiver or other fiduciary after the same has been accepted and approved in the absence of a statute conferring same; and where such statute exists its provisions must be complied with in order to render the release effective; hence where the court ordered the receivers of a bank to file separate bonds in lieu of a joint bond theretofore approved by it, its order purporting to release the surety on the joint bond from further liability, not made pursuant to §5733 Burns 1914, Acts 1897 p. 192, §6, providing for the release of sureties, was ineffective as such and constituted no bar to an action by the surety for the recovery of premiums thereafter accruing.   p. 525.

From Newton Circuit Court; *James P. Wason,* Judge.

Action by the American Bonding Company of Baltimore, Maryland, against Edmond G. Hall and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*T. B. Cunningham, Alexander C. Ayres* and *Frank C. Ayres,* for appellant.

*William Darroch* and *Edmond G. Hall,* for appellees.

Lairy, J.—On January 17, 1908, appellees Edmond G. Hall, Henry T. Griggs and Lawrence A. Wiles were appointed receivers by an order of the Newton Circuit Court in an action pending therein in which the State of Indiana, ex rel. John C. Billheimer was plaintiff and the Goodland Bank of Goodland, Indiana, was defendant.   To enable them to qualify as such receivers they gave a joint bond with the appellant as surety, which bond was approved by the court. In order to secure this bond appellees agreed to pay appellant as a premium, the sum of $235 per year, and the court ordered the payment of this premium out of the trust fund in the hands of such receivers.   The receivers paid this

premium for three years and then refused to make further payments. Appellant brought this action to recover the premium for the two years falling due on January 17, 1911, and on January 17, 1912, upon the theory that the trust was still pending and unsettled in the Newton Circuit Court and that the bond was still in full force and effect.

To this complaint each of the appellees filed a separate answer in which it was admitted that the bond was executed and filed as charged in the complaint and that the premiums for three years had been paid, and it was averred that on January 10, 1911, the Newton Circuit Court entered an order in the cause in which such receivers had been appointed and were acting and in which the bond in question had been filed and approved, which order is in these words: "And it appearing to the court in this cause that Edmond G. Hall, Henry T. Griggs and Lawrence A. Wiles, the receivers in the above entitled cause of action did on the —— day of January, 1908, file their joint undertaking as such receivers with the American Bonding Company as sureties thereon, which undertaking the court now finds is insufficient and not in compliance with the statutes in such cases and the court does now order and direct said receivers Edmond G. Hall, Henry T. Griggs and Lawrence A. Wiles, and each of them as such receivers, to file their separate undertaking as such receivers to the approval of this court on or before January 17, 1911, and that upon the filing of said separate new undertaking by each of said receivers that said undertaking so filed by said receivers in said cause on the 17th day of January, 1908, and the surety thereon be released and discharged from any and all further liability arising in and about the management of said trust by said receivers from and after the time of the filing of said new undertaking by said receivers to the approval of this court."

The answers further aver that in obedience to the order of the court each of the receivers filed a separate bond, and that on January 17 each of these separate bonds was ap-

proved by the court by order entered on that day in the cause in which such receivers were appointed. This order is set out at length in each of the answers. By this order the court finds, as to each of such bonds, that it is in due form and conditioned as provided by law and that the surety thereon is ample and sufficient. The concluding part of this order is as follows: "It is now considered, adjudged and decreed by the court that said American Bonding Company as surety on the original and joint undertaking of said Edmond G. Hall, Henry T. Griggs and Lawrence A. Wiles as receivers for the Goodland Bank, be and it hereby is released forever and discharged from any and all liability on account of any further acts, defaults or omissions of the said Edmond G. Hall, Henry T. Griggs or Lawrence A. Wiles, or either of them as such receivers."

Demurrers addressed to these answers were overruled and a trial followed in which there was evidence to sustain them. There was a finding and judgment for appellees.

It is conceded by both parties to this appeal that, if the order of the Newton Circuit Court purporting to release appellant from all liability on the bond given by it for the acts or omissions of the receivers occurring after January 17, 1911, was one that the court had power to make, and that if it had the effect intended, then the demurrers to each of the separate answers were properly overruled and the judgment rendered was proper.

Appellant takes the position that, once a bond is given and approved by the court in a trust of this kind, the beneficiaries of the trust at once acquire a vested interest

1. in the bond so given and that the court has no inherent power to release the sureties thereon. It is asserted that no such power exists in the courts in the absence of a statute conferring it, and that, where such power is conferred by statute, it must be exercised in obedience to it and in strict conformity to its provisions. The position of appellant seems to be amply sustained by authority. *Richter*

v. *Leiby's Estate* (1898), 101 Wis. 434, 77 N. W. 745; *Carroll* v. *Moore* (1845), 7 Ala. 615; *Commonwealth, etc.* v. *Rogers* (1866), 53 Pa. St. 470; *Bellinger* v. *Thompson* (1894), 26 Or. 320, 37 Pac. 714, 40 Pac. 229; *Brooks* v. *Whitmore* (1886), 142 Mass. 399, 8 N. E. 117; *Dupont* v. *Mayo* (1876), 56 Ga. 304; *Rush* v. *State, ex rel.* (1898), 19 Ind. App. 523, 49 N. E. 839; *Clarke* v. *American Surety Co.* (1898), 171 Ill. 235, 49 N. E. 481. Some of these cases carry the principle further than others, but they are all in accord in holding that a court has no power to release the sureties on a bond except it be done in accordance with the provisions of a statute conferring such power. Unless so released a bond once approved remains operative as a security until its conditions are performed, or its penalty exhausted or until barred by the statute of limitations. A court may require additional bonds whenever necessary for the protection of the trust estate, but upon the giving of a new bond the court has no power to release a bond previously given unless the action is taken pursuant to a statute and in conformity to its terms. All bonds so given are treated as cumulative security.

We have a statute which provides that the surety on the bond of any trustee, committee, guardian, assignee, receiver, executor, administrator, or other fiduciary may be released from liability as surety for the acts of his principal occurring after the date of such release as shown by the order of court. In order to obtain such relief the surety is required to file a petition in the court having jurisdiction of the trust, or with the judge of such court in vacation. This statute provides that upon the filing of such petition, the court or the judge thereof in vacation shall issue an order, returnable at such time and place, and to be served in such manner as the court may direct. Upon the return of this order to show cause the statute provides that if the principal shall account in due form of law and file a new bond duly approved, then the court or judge must make an or-

der releasing such surety from liability on such bond for any subsequent act or default of the principal. §5733 Burns 1914, Acts 1897 p. 192, §6.

From the facts stated in the answers and proved at the trial, it is clear that no proceeding was had under the provisions of this act whereby the court was authorized to enter a release of the surety on the bond in question. Under the authority of the decisions heretofore cited we hold that neither of the separate answers of appellees states facts sufficient to constitute a defense, and that the demurrers to each of such answers should have been sustained.

The judgment is reversed with directions to sustain the demurrer of plaintiff to each of the defendants' separate answers.

NOTE.—Reported in 106 N. E. 534. As to receiver's liabilities, see 120 Am. St. 277. See, also, 34 Cyc. 1915 Ann. 506-new.