## CLYMER *v.* STATE OF INDIANA, EX REL. HEIN ET AL.

### [No. 8,626.   Filed June 24, 1915.]

1. GUARDIAN AND WARD.—*Bond.—Power to Require Additional Security.*—The court may order a guardian to execute a new bond at any time it believes the assets of the estate are insecure. p. 369.

2. GUARDIAN AND WARD.—*Liability on Bond.—Release of Surety.— Statutes.*—Where a guardian, on procuring an order to sell his ward's real estate, was required to execute bond, and then upon the approval of the report of sale an order was made by the court on its own motion releasing and discharging the sureties on such bond, and such guardian thereupon filed a new bond, such order of release was ineffective to relieve the sureties from subsequent liability on the bond, since the beneficiary in such a bond has a vested interest therein and it will remain in full force unless the release is procured upon application and notice as provided by statute. p. 369.

3. GUARDIAN AND WARD.—*Liability on Bonds.—Discharge of Sureties.*—Where a surety on a guardian's bond was released by the court, such release did not operate to relieve from liability the surety on an additional bond executed by the guardian to protect the proceeds arising from a sale of real estate. p. 370.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by the State of Indiana, on the relation of Frederick Wein and another, against William T. Beahler and others. From a judgment for relators, the defendant named appeals. *Affirmed.*

*Stuart, Hammond & Simms,* for appellant.

*Frank Foltz,* for appellees.

SHEA, C. J.—This action was brought by the State of Indiana on the relation of Frederick and Emma Wein to recover upon certain guardian's bonds executed by William T. Beahler as principal, and Fred D. Gilman, Elmer R. Bringham, Ziba F. Little, William A. Bringham and appellant Glasco D. Clymer, as sureties, for alleged breaches of the conditions of said bonds. Numerous paragraphs of complaint, answer and reply were filed, which we need not here set out.

Upon proper request, the court made a special finding of facts and stated conclusions of law thereon, the substance of which is as follows: On May 3, 1901, William T. Beahler was, by the Jasper Circuit Court appointed guardian of Dellie Wein, Frederick Wein and Emma Wein, minor heirs of Hester Wein, deceased, and executed his guardian bond in the penal sum of $1,200, with Fred D. Gilman and Ziba F. Little as sureties. At the time of said appointment, the personal property of said wards was of the probable value of $50 and the real estate of the probable value of $4,000. On September 25, 1901, said guardian filed his petition praying an order authorizing him to sell certain real estate belonging to said wards on the ground that a better investment could be made. Said real estate was duly appraised at $4,620, and the court ordered the guardian to file an additional bond in the penal sum of $10,000. On September 27, 1901, said guardian filed his additional bond in the penal sum of $10,000 with Fred D. Gilman and appellant Glasco D. Clymer as sureties thereon, which bond was conditioned according to law, and was duly approved by the court, where-

upon the court ordered the guardian to sell the real estate and make due report of his acts in the premises to the court.

On November 13, 1901, said guardian further petitioned the court for an order to sell certain other real estate belonging to the wards, upon the ground that a better investment could be made, and filed in connection therewith an appraisement of the last described real estate at $300, at the same time filing his bond in the penal sum of $600 with Fred D. Gilman and William A. Bringham as sureties thereon, which bond was duly conditioned according to law and approved by the court, and thereupon the court ordered the guardian to sell said real estate at private sale without notice. On March 5, 1902, said guardian reported the sale of the first mentioned real estate for $4,649.50 cash, which he brought into court, and asked that his acts in the premises be approved and confirmed. The court approved said report and duly ratified and confirmed said sale, ordered deed executed, examined and approved the deed, and ordered the proceeds arising from such sale paid to the guardian, and that he be charged with said amount, and the additional bondsmen for the sale of this real estate, Fred D. Gilman and appellant Glasco D. Clymer were thereupon, by order of said court released and discharged from said bond. The order so releasing said bondsmen was without any petition, and without notice of an application to be discharged as such, but was upon an order of court made upon its own motion, and said guardian thereupon filed new bond in the penal sum of $10,000 with Fred D. Gilman and Elmer R. Bringham as sureties thereon, duly conditioned according to law, which was examined and approved by the court. The report of said sale, its examination and approval by the court, the release of said bondsmen Gilman and Clymer and the filing and approval of the last mentioned bond, were all made in one and the same order of court, on March 5, 1902. On November 14, 1902, said guardian filed his petition asking authority to place his ward Emma Wein

in a school for girls for at least a year, which petition was approved by the court, and he was ordered and authorized to place said ward in school. On September 14, 1903, said guardian filed current report in said guardianship, showing receipts by him as such guardian for and on behalf of all of said wards in the aggregate sum of $5,163.73; that each of said wards was entitled to one-third thereof; that he was entitled to a credit as against Dellie Wein in the sum of $120.49, leaving a balance due her upon said date from said guardian of $1,600.75; that he was entitled to a credit against his ward Frederick Wein the sum of $93.99, leaving a balance due him from said guardian on said date of $1,627.25; that he was entitled to a credit as against his ward Emma Wein in the sum of $677.53, leaving a balance due her from said guardian on said date of $1,050.71; which report was duly examined and approved by the court, and said trust was continued and the order theretofore entered providing for expenses for school of said ward Emma Wein was continued for another year. On December 5, 1903, Ziba F. Little, one of the bondsmen upon the first mentioned bond filed a petition in said court praying an order releasing him therefrom, upon which petition it was duly ordered that said Ziba F. Little be, and he was thereby discharged from any further liability on said bond. On September 19, 1905, said guardian was ordered to make a final report as to his ward Dellie Wein, and a current report as to his wards Frederick Wein and Emma Wein on or before October 2, 1905. On February 4, 1906, said guardian filed his final report as to Dellie Wein, and his current report as to the wards Frederick Wein and Emma Wein showing balance due Frederick Wein in his hands, after deducting credits against him, of $1,692.20, and a balance due Emma Wein, after deducting credits against her, of $850.28, which report was duly examined and approved by the court. On February 28, 1907, said guardian reported the sale of the real estate last ordered sold for the sum of $200, which

report was examined and approved by the court, deed ordered, reported and approved, and said guardian was duly charged with the amount of said purchase price of the real estate. On September 15, 1909, the court, upon petition of Frederick Wein, ordered said guardian to file his report in said cause on or before the second Monday of said term; that said guardian made no other or further reports or accountings than those set forth, and is now, and for four years last past has been a nonresident of the State of Indiana; that said guardian has made no payment or accounting with his ward Emma Wein since February 14, 1906, and no payment or accounting to his ward Frederick Wein since February 14, 1906.

Upon these facts the court stated its conclusions of law to be: (1) that the law is with the relators; (2) that Frederick Wein is entitled to recover from defendants Elmer R. Bringham, Glasco D. Clymer and Fred D. Gilman the sum of $2,394.50; (3) that Frederick Wein is entitled to recover from defendants William A. Bringham and Fred D. Gilman the sum of $135.50; (4) that Emma Wein is entitled to recover from defendants Elmer R. Bringham, Glasco D. Clymer and Fred D. Gilman the sum of $1,203.09; (5) that Emma Wein is entitled to recover of and from defendants William A. Bringham and Fred D. Gilman the sum of $135.50; (6) that defendant Ziba F. Little is entitled to recover his costs. Judgment was rendered accordingly.

Exceptions were duly saved to each conclusion of law stated upon the special findings of fact, and are here assigned as error. The conclusion reached with respect to the effect of the court's order in releasing or discharging the sureties on the bond executed on September 27, 1901, with penalty of $10,000, Fred D. Gilman and appellant Clymer being sureties thereon, will dispose of the questions involved in this appeal. It is very ably argued that the release of the appellant by a formal order of the court at the time the

second bond was executed, was valid and binding, as to all liability occurring subsequent to that time.

We think it is clear from the language of the court's order that it was the intention to release the sureties on the old bond, and make the new bond substitutional, rather than additional. That the court had the right to order a new bond at any time it might believe the assets of the estate were insecure because of insufficiency of the bond, is undisputed (§3063 Burns 1914, Acts 1889 p. 289), but it is very earnestly argued that the execution of a new bond would not relieve the prior bond from liability for subsequent defalcation, unless the provisions of the statute were strictly followed, that is to say, the sureties must have made application to the clerk, and the guardian must have received ten days' notice. Section 3061 Burns 1914, §2517 R. S. 1881, provides for the release of sureties on a guardian's bond by the same rule as sureties on administrators' and executors' bonds are discharged. So much of §2769 Burns 1914, §2252 R. S. 1881, as applies to the questions under consideration reads as follows: "Any surety upon any bond of any executor, administrator, administrator with the will annexed, or de bonis non, may apply to the circuit court approving such bond to be released therefrom, by filing his request therefor with the clerk of said court, and giving ten days' notice thereof to the principal in such bond." The statute requires notice to be given to the principal only.

It is earnestly argued in behalf of appellants that the notice required is intended to give the court jurisdiction of the person of the principal, and therefore if the court had or acquired jurisdiction of the person in some other way, the order made is valid and binding upon all the parties, as the court, without doubt, had jurisdiction of the subject-matter. It is argued that since the court is in a sense the over-guardian, charged at all times with the duty of protecting

the property of infant wards, that it has jurisdiction of the guardian at all times, and that it may make such orders as may be necessary without the notice required by the statute, because of this inherent power. We think this reasoning is sound to the extent that the court may at all times summarily require the guardian to give such additional security as may be deemed necessary to protect the estate, but we doubt, in view of the authorities cited, whether it can be said to extend so far as to authorize the court to release sureties on a bond unless the jurisdiction of the court has been invoked in the manner provided by the statute.

It is expressly found by the court that no petition was filed by the sureties asking to be released, and that the order of release was made without any notice to the guardian. In the case of *American Bonding Co.* v. *Hall* (1915), 57 Ind. App. 523, 106 N. E. 534, recently decided by this court, a question quite similar in its facts was considered by this court. In that case it was held that the court below had no power to release sureties on a bond previously given, unless the action is taken pursuant to a statute, and in strict conformity therewith. All bonds given are treated as cumulative security, unless the statute providing the manner in which sureties may be released is strictly followed. The beneficiary is held to have a vested interest in said bond, and unless the release is in strict conformity to the statute, it remains in full force until its conditions are performed, or its penalty exhausted, or until barred by the statute of limitations. Applying the rule thus announced, we hold that the order of court in attempting to release the sureties without their application, and without notice to the guardian was void.

It is further argued that the release of Ziba F. Little, as surety on the original bond, as shown in the special finding, operated as a release of this appellant from the bond

3. being considered, upon the theory that they were cosureties, and the release of one discharged all co-

sureties. Appellant's contention would have much force if the parties had signed the same bond, but since they did not, the discharge of Little did not release appellant. 32 Cyc. 157; 2 Thornton & Blackledge, Administration and Settlement of Estates §360; *Tyner* v. *Hamilton* (1875), 51 Ind. 259. It follows that no error was committed by the trial court. Judgment affirmed.

NOTE.—Reported in 109 N. E. 431. As to personal liability of guardians, see 75 Am. Dec. 447. See, also, under (1) 21 Cyc. 48; (2, 3) 21 Cyc. 236.