## FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* HALL, ADMINISTRATOR.

[No. 10,459. Filed November 16, 1920.]

1. MOTIONS.—*Motion to Strike Out Motion.*—A motion to strike out a motion is usually frivolous and ought not to be entertained or entered of record by the trial court. p. 117.

2. EXECUTORS AND ADMINISTRATORS.—*Release of Surety.*—*Construction of Petition and Judgment.*—*Evidence.*—A petition setting up that petitioner is surety on the administrator's general bond and also on his bond for the sale of real estate and praying for relief from further liability in said administration as provided in §2769 Burns 1914, §2252 R. S. 1881, was an application to be released from both such bonds, which it was the duty of the court to grant upon filing of new bond by the administrator, and where such new bond has been filed and approved and judgment rendered releasing the surety, it will be presumed that the court did its full duty and released the surety from liability on both of the bonds described in the petition filed for that purpose. p. 118.

3. JUDGMENT.—*Correction by Nunc Pro Tunc Entry.*—*Executors and Administrators.*—Petition to correct, *nunc pro tunc,* an entry in a proceeding for release of surety on bonds of an administrator, where the clerk by inadvertence made the order of relief read as to "said bond" when it should have read "said bonds," *held* sufficient, if true, to entitle petitioner to the relief prayed therein. p. 119.

4. JUDGMENT.— *Nunc Pro Tunc Entry.*— *Parol Evidence.*— An order *nunc pro tunc* cannot be made on parol proof alone; there must be some memorial upon which to base the correction. p. 119.

5. EXECUTORS AND ADMINISTRATORS.—*Release of Surety.—Effect of New General Bond.—What Funds Covered.*—A new general bond given by an administrator in a proceeding for release of surety under §2769 Burns 1914, §2252 R. S. 1881, covers funds in his hands derived from the sale of both personal property and real estate.   p. 119.

From Vigo Circuit Court; *Abraham L. Miller,* Judge *pro tem.*

Action by the Fidelity and Deposit Company of Maryland against Orph M. Hall, as administrator *de bonis non* of the estate of Charles L. Markin, deceased. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George O. Dix,* for appellant.
*John W. Gerdink,* for appellee.

McMAHAN, C. J.—Appellant filed its petition or motion to correct, *nunc pro tunc,* an entry made in the lower court on the application of appellant wherein it sought to be released from certain bonds given by one Wilson H. Soale, administrator of the estate of Charles L. Markin, deceased.   This petition in substance alleged that said Soale was on January 2, 1902, appointed administrator of said estate by the circuit court of Vigo county, and that appellant became surety on his bond in the sum of $5,000; that on April 18, 1903, said administrator, having filed his petition to sell certain real estate for the purpose of paying debts and having secured an order of the court for that purpose, was by the court required to and did on said date file a bond in the sum of $4,500 to account for the proceeds arising from the sale of said real estate, and appellant also became surety on said bond; that said administrator in 1903 and 1904 filed reports in which he showed that he had collected the money from the sale of the personal property and real estate and had disbursed the same

with the exception of $1,058.88. On November 11, 1904, after approval of said reports, said administrator filed a petition in said court showing that at that time the amount of assets of said estate in his hands was $1,285.88, and asking that his bond be reduced to $2,500, and that the court made an order reducing said administrator's bond to $2,500. That said administrator not having filed said new bond, the appellant on January 6, 1905, filed its petition in said court in which it alleged and stated the facts relating to the appointment of said administrator, the execution of both of said bonds, giving the date and amount of each, and asking to be relieved from "further liability in said administration" as provided in §2769 Burns 1914, §2252 R. S. 1881; and that said administrator be required to bring the estate in his hands into court and make a report of his doings; that said administrator appeared to said petition and that the court in accordance with the prayer of said petition pronounced judgment in favor of appellant, relieving it from liability on said bonds, and directing the administrator to file a new bond in the sum of $2,500, which bond was on said date filed and approved by the court; that by the inadvertence of the clerk the judgment and order of the court so made in said matter on said date was so written as to show that appellant asked to be relieved from "said bond," and that he was released from "said bond," when in fact it should have shown and read that appellant asked to be released from and was released from "said bonds," and alleges an excuse for not filing the application herein at an earlier date.

On motion of appellee the court dismissed and struck out appellant's motion herein for an order *nunc pro tunc.* This action of the court appellant insists 1. was error. The motion of appellee to strike out appellant's motion was superfluous, and should

not have been sustained. A motion to strike out a motion is usually frivolous and ought not to be entertained or entered of record by the trial court. *Blemel* v. *Shattuck* (1893), 133 Ind. 498, 33 N. E. 277.

The appellant in its petition filed January 6, 1905, stated that it had become surety for the then administrator on his general bond in the sum of $5,000, and also on his bond for the sale of real estate in the sum of $4,500, and asked that it be released from all and further liability in said estate on a day to be named by the court; that the said administrator be required to give a new bond as required by §2769 *supra*, and that the administrator be required to make a report showing the condition of the estate and bring the money in his hands into court.

This petition can only be construed as an application to be released from both of said bonds therein described. It was therefore the absolute duty of the court to have entered an order requiring the administrator to file new bond or bonds to the approval of the court and, upon the same being filed, to have released appellant from all subsequent liability. Upon failure of the administrator to comply with such order it was the duty of the court to have removed him. The court had no discretion in that matter. It was its bounden duty to grant appellant's request to be released from subsequent liability on both of said bonds. *American Bonding Co.* v. *Hall* (1915), 57 Ind. App. 523, 526, 106 N. E. 534; *Lane* v. *State ex rel.* (1866), 27 Ind. 108, 114. The presumption is that the court did that which the law required it to do; that is, that the court did its full duty and released appellant from liability on both of the bonds described in the petition filed for that purpose. *Davis* v. *Neighbors* (1905), 34 Ind. App. 441, 73 N. E. 151.

The motion of appellant for an order *nunc pro tunc* stated facts sufficient, if true, to entitle it to the re-

lief prayed therein, and the court erred in rejecting the same. *Miller* v. *Royce* (1877), 60 Ind. 189.

Appellee insists that the motion in this case does not show the existence of any memorial, record, or minute of the court, and that an order *nunc pro tunc* cannot be made on parol evidence. It is true that such an order cannot be made on parol proof alone; there must be some memorial upon which to base the correction. This court, in *Davis* v. *Neighbors, supra,* quoted with approval Elliott, Appellate Procedure §213, where the author says: " 'It is declared by our courts and by other courts that upon a motion for a *nunc pro tunc* entry, parol evidence is competent. But there is much confusion in the decided cases and it is not easy to extract a rule from them. We have, however, concluded upon an examination of our own and other cases, that the true rule is that while parol evidence is competent it is not of itself, unaided by any note, minute, or memorial, sufficient to authorize a *nunc pro tunc* order.' "

Appellee confuses an application for the *correction* of a judgment *nunc pro tunc,* with an application to *modify* a judgment. He also cites *Ball* v. *Green* (1883), 90 Ind. 75, to the proposition that funds derived from the sale of personal property and real estate cannot be commingled by the administrator or by order of court so as to make a general bond thereafter given cover all such funds. The case cited is not in point, and, if it were, it is no longer expressive of the law. *Fiscus* v. *Moore* (1890), 121 Ind. 547, 23 N. E. 362, 7 L. R. A. 235; *Holmes* v. *McPheeters* (1898), 149 Ind. 587, 590, 49 N. E. 452.

Judgment reversed, with directions to overrule the motion to strike out, and for further proceedings not inconsistent with this opinion.