## WRIGHT v. FIDELITY & DEPOSIT CO. OF MARYLAND.

Circuit Court of Appeals, Fifth Circuit.
December 6, 1928.

Rehearing Denied January 12, 1929.

No. 5310.

Joseph J. Eckford and Paul T. McMahon, both of Dallas, Tex. (John W. Pope and J. Lee Zumwalt, both of Dallas, Tex., on the brief), for appellant.

Albert B. Hall, of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was an action to collect premiums on a receiver's bond. It was brought by the appellee surety company against appellant, who was receiver in a suit in a state court. The defense was that the court which appointed the receiver entered an order terminating the surety's liability on the bond before any of the premiums sued for became due.

The facts are not in dispute. On January 25, 1923, appellant was appointed receiver, his appointment to take effect upon his giving bond in the sum of $500,000, conditioned "as required by law." On the next day appellant gave bond for that amount, with appellee as surety, conditioned that he would faithfully discharge his duty as receiver, and obey and carry out all the orders of the court appointing him, and that bond was by the order of court duly approved. In his written application to appellee for the bond, appellant agreed to pay immediately $2,500 as premium for the first year, or fractional part thereof, and thereafter to pay a like amount annually in advance, "as long as liability under said bond shall continue and until evidence satisfactory to the company [appellee] of the termination of such liability shall be furnished to it at its home office in the city of Baltimore." The premium for the first year was paid as agreed. On January 25, 1924, appellant, as receiver, filed a petition in which it was alleged that the assets which had come into his possession as receiver did not justify a bond in as large an amount as the existing bond, and that an annual premium of $2,500 was an unnecessary burden upon the assets in his hands, and on that day the court, upon this petition, entered the following order:

"It is therefore ordered, adjudged, and decreed by the court that the bond heretofore fixed for said receiver in the sum of $500,000.00 is by the court hereby reduced to the sum of $250,000.00, and the said receiver, G. G. Wright, is hereby ordered by the court to present his bond as such in the sum of $250,000.00 in accordance with this order, and said receiver is hereby authorized by the court to pay the annual premium for such bond as herein ordered."

On January 26, 1924, pursuant to this order, appellant gave bond, but with a company other than appellee as surety, in the sum of $250,000, with conditions substantially the same as those contained in the first bond, and notified appellee by telegram of the court's order and of the fact that he had filed a new bond. Appellee did not reply to this telegram, or request further or better evidence of the termination of its liability, but in March or April of 1924 brought suit in a state court to collect the premium for that year. The receivership suit was still pending, and appellee was still receiver therein, when this suit was brought against him in

his individual capacity to recover the five annual premiums for the years 1924 to 1928, inclusive. At the close of the evidence both parties moved for a directed verdict. The court granted the motion of appellee, and, on the verdict rendered pursuant thereto, entered judgment against appellant in the full amount sued for.

In Texas a receiver is required to give bond faithfully to discharge his duty and obey the orders of the court. Revised Civil Statutes, art. 2296. A corporate surety is given equal right with an individual surety to withdraw from the bond of a receiver, administrator, or fidicuary. Id. art. 4974. A surety upon the bond of an administrator may be discharged from all future liability by citing the administrator to appear and give a new bond. Id. art. 3395. But there does not appear to be any statute in Texas which provides for the release of either a corporate or individual surety upon a receiver's bond. Appellee takes the position that, in the absence of statute, the court is without power to release the surety on a receiver's bond, and consequently that the bond remains in full force and effect as long as the principal remains receiver. It is doubtless true that a statute which prescribes the procedure for discharge of a bond is exclusive and must be followed.

In U. S. Fidelity & Guaranty Co. v. Felder, 105 Miss. 283, 62 So. 236, it was held that the court was without power to discharge the surety from the obligation to pay premiums on the original bond by the substitution of a new bond. The Mississippi statute differs from the Texas statute, in that it requires a bond conditioned on the faithful administration of the trust, and provides that any judgment rendered against the principal may be rendered against the surety, and a new bond is required only in the event the original bond is insufficient. The conclusion of the court in the case just cited was that statutory provisions required that the original bond should remain in effect until the trust had been fully administered, or until it was shown that the surety was insolvent. In other words, the Mississippi statute was given the effect of taking away from the court the power to release an original solvent surety.

Armstrong v. Walton, 147 Ga. 781, 95 S. E. 714, also relied on by appellee, is not in point, as all that was there decided was that an order authorizing a receiver to give a new bond in a smaller amount and deposit the substituted bond with the clerk did not have the effect of modifying the original bond when no new bond was in fact given. The case of American Bonding Co. v. Hall, 57 Ind. App. 523, 106 N. E. 534, decided by the Appellate Court of Indiana, seems to sustain the position of appellee.

■ A court of equity in a receivership suit has the inherent power to control its receiver, and we are of opinion that, in the exercise of this power, it has the incidental administrative right to regulate, from time to time, the amount of the receiver's bond. In such a suit the court is interested in the economical management of the assets under its control. If a receiver's bond is excessive and unnecessarily expensive, the court in its discretion has the power to order the substitution of a smaller and less expensive bond. In making the order complained of, the court in the receivership suit did not deprive appellee of any legal right, for undoubtedly the power existed to discharge appellant and appoint a new receiver, who could have taken out a new bond, executed by a surety other than appellee.

■ The order was effectual to release appellee as to future liability, for it clearly, though somewhat inartificially, authorized substitution of a new bond. The order did not grant release as to past liability, but the phrase "termination of liability," in the application, cannot fairly be so construed as to require the bond to be canceled and surrendered to appellee. It would be a forced and unreasonable construction of that phrase to hold that appellant was obliged to pay the premiums until such time as it could be conclusively determined that he had faithfully discharged his duty as receiver. Some complaint is made to the effect that appellant did not furnish evidence satisfactory to appellee that liability on the bond had ceased. No better evidence was called for, and appellee proceeded upon the theory that liability continued because the court was without power to release the bond; consequently no evidence that could have been furnished would have been satisfactory to appellee. The conclusion is that it was within the power of the state court to terminate liability on the bond, and that its order had that effect.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.