STATE EX REL. BOARD OF FINANCE OF WASHINGTON TOWNSHIP *v.* AETNA CASUALTY AND SURETY COMPANY.

[No. 14,766. Filed March 30, 1934. Rehearing denied October 1, 1934. Transfer denied February 19, 1935.]

*T. B. Cunningham, Fred G. Richmire,* and *Donald Smith,* for appellant.

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong, William S. Isham,* and *William F. Isham,* for appellee.

DUDINE, J.—The Board of Finance of Washington Township in Newton County filed suit against appellee to recover the penal sum stated in a public depository bond which was given to said board by the State Bank of Brook, of said county, under Sec. 12611, *et seq.* Burns 1926, §61-601, Burns 1933, §13805, Baldwin's 1934, on which bond, appellee was the surety.

Appellee filed two paragraphs of answer to the complaint. The first, a general denial, was withdrawn. Appellant filed a demurrer to the second paragraph of answer, which demurrer was overruled. Appellant refused to plead further, and judgment was rendered in favor of appellee, on the pleadings.

Appellant presents but one error, to-wit, error in overruling said demurrer.

Appellee attached a copy of the bond to the second paragraph of answer and made it a part thereof.

Said bond contained the following provisions:

"If the surety herein shall so elect, this bond may be conditionally cancelled at any time by said surety giving thirty (30) days' written notice of such conditional cancellation to the principal herein and a like thirty days' written notice to the said Board of Finance; but said surety company shall remain liable for all acts and omissions covered by this bond which shall have been committed by said principal or which shall have occurred between the execution hereof and the acceptance and approval of the new bond, bonds, or collateral securities hereinafter mentioned. Said principal binds itself, its successors and assigns, upon receipt of such notice and within said period of thirty (30) days, to prepare and file with said Board of Finance a new bond or bonds to the approval of said Board, in the sum required by law and of like tenor and effect as this obligation, with surety or sureties to be approved by said Board of Finance, or in lieu of said bond or bonds to deliver to said Board of Finance within said period of thirty (30) days, as security, collateral bonds to the satisfaction of said Board, of the character now or hereafter required by law, for fifty per cent of the full face value of the maximum amount to be deposited with said principal, or within said period to file and deliver a bond, bonds and collateral security of the character and to the amount required by sections 11 and 12 of the said Public Depository Act of 1907, as amended by the Acts of the General Assembly of 1909, to the satisfaction and approval of said Board of Finance. Said principal further agrees, upon receipt of said notice, to make a full, true and complete accounting to said Board of Finance, up to and including the end of said thirty days' period, duly verified by the oaths of the president and cashier (secretary) of said principal, and shall exhibit for actual inspection by said Board of Finance all of the public funds and interest earned thereon for which said principal is chargeable at the date of such accounting.

"Upon the making of such accounting as above specified, and filing and delivery by said principal of said new bond, or bonds, or of said collateral securities, as the case may be, or of both, and their acceptance and formal approval by said Board of Finance, but under no other circumstances, the surety upon this bond shall be absolutely released

from liability accruing subsequent to the date of the acceptance and approval of said bond, bonds, or collateral securities, and the taking effect of same; Provided, That nothing herein shall be construed to mean that said surety shall be released from any of its liability prior either (1) to full payment by said principal to said Board of Finance, or other proper authority, of all public funds deposited with said principal, and interest earned thereon; or, (2) to the accounting aforesaid and the filing and delivery of the bond, bonds or collateral securities before mentioned, and their formal acceptance and approval by said Board of Finance and the taking effect thereof. . . ."

Said second paragraph of answer alleged, among other things, that:

"Upon the enactment of the Public Depository Act by the General Assembly of Indiana, Acts 1907, p. 391, the Attorney General of Indiana, pursuant to the duty imposed on him and the power delegated to him by that Act, and especially by Section Eleven thereof, prepared a form of depository bond for use by the various Boards of Finance in the State of Indiana. From time to time thereafter said form of depository bond was reviewed and revised by succeeding Attorneys General of the State of Indiana, but ever since the preparation of the original form of bond in the year 1907, each and all of the forms of Depository Bond prepared by the Attorneys General of the State of Indiana pursuant to said Public Depository Act and used by the various Boards of Finance in the State of Indiana have contained substantially the same provisions for the cancellation thereof and for the discharge of sureties thereon, as those contained in the bond herein sued on, and throughout said period said provisions have been followed repeatedly in obtaining cancellation of such Depository Bonds.

"The bond sued on herein and marked Exhibit 'A' and made a part of the complaint in the above entitled cause was prepared by the Attorney General of the State of Indiana and was a regular form of bond so prepared by him pursuant to authority vested in him and the duty imposed upon him by the statutes with reference to depositories for public funds and duly prescribed by the State Board of Accounts of the State of Indiana. . . .

"In reliance on the provisions so inserted in said bond for its cancellation and the discharge of sureties thereon, and in reliance on the other facts hereinabove alleged, this defendant executed said depository bond, as alleged in the complaint in this cause, and the State Bank of Brook, of Brook, Indiana, was designated as a depository for funds of said Washington Township, Newton County, Indiana, and thereafter various funds of said Washington Township were deposited therein until about the 7th day of February, 1930, at which time this defendant duly cancelled said bond and duly notified the plaintiff herein and said depository in writing of said cancellation, all in accordance with the terms of said bond. Thereupon, said State Bank of Brook prepared and filed with said Board of Finance a new bond with various persons as personal sureties thereon, which bond was in the penal sum of Twenty-five Hundred Dollars ($2500.00) and was in due form, and which bond was thereupon duly accepted and approved by said plaintiff in a meeting held on, to wit, the 1st day of January, 1930.

"On the 5th day of April, 1930, said Board of Finance duly executed and delivered to this defendant a release of this defendant from all liability on the bond herein sued on, which release is in the language following, to wit: ... (copy of release) ..."

It is agreed by the parties that there is but one question presented, and that is as to the validity of said provisions in the bond, above set forth, which purportedly provide for a release of the surety.

Appellant contends that a surety company doing business in Indiana, after having become a surety upon a bond in this state, can be released only by order of court under Sec. 5707 or 11589, Burns 1926, (§25-1406, §49-134, Burns 1933, §9950, §13085, Baldwin's 1934). We cannot agree with said contention.

Sec. 5707, *supra*, applies only in cases where the surety company is surety on the bond of a "trustee, committee, assignee, receiver, executor or administrator or other fiduciary." Appellant does not contend that a

public depository is a trustee, committee, assignee, receiver, executor or administrator or other fiduciary within the meaning of said section.

Sec. 11589, *supra,* applies only in cases where the surety company is surety on the official bond of a public officer. Appellant contends a public depository is a public officer within the meaning of said section.

"The weight of authority is to the effect that where there is an authorized general deposit with a depositary of public funds the resultant relation is that of debtor and creditor." 18 C. J. 579, citing *Henry County* v. *Salmon* (1907), 201 Mo. 136, 100 S. W. 20; *Brown* v. *Board of Comm. of Wyandotte County* (1897), 58 Kan. 672, 50 Pac. 888, and other cases.

In *Henry County* v. *Salmon, supra,* the Supreme Court of Missouri said (p. 163), ". . . the relation between the depositary and the county is that of debtor and creditor; that the depositary does not occupy the relation of a public officer having charge of public funds, which he may not use; and that the bond in suit (depository bond) is not, in a strict sense, an official bond. . . . we should not take the law of this case from doctrines announced in and applicable to suits on official bonds, as such, . . ."

In *Brown* v. *Board of Comm. of Wyandotte County, supra,* the Supreme Court of Kansas said (p. 674) :

"Counsel for plaintiffs in error liken the Bank to a fiscal officer having the custody of public funds; and they make citations to a large number of cases holding that the bonds of revenue collectors, county treasurers, and the like were prospective, and the sureties thereon obligated only for the acts of their principals during the terms for which they were chosen. There is no similarity between a bank acting as a depository of public funds and the class of officers mentioned. In the case of the public and its officer the relationship is that of principal and agent; in the case of others it is that of creditor and debtor. . . ."

In *Compton* v. *Marengo County Bank* (1919), 203 Ala. 129, 82 So. 159, the Supreme Court of Alabama said:

"The motion proceeds on the theory that the depositories of county funds created by the act approved September 15, 1915 (Gen. Act 1915, pp. 348-350) are public officers, substituted county treasurers, and, primarily that the provisions of Code, §5938, authorizing summary judgments, under defined circumstances, against a county treasurer and the sureties on that officer's official bond, have application to such depositories; and, failing this, that Code, §§5899, 5900 justify the remedy.

"It is manifest, we think, that a depository qualified as the act prescribes, is not a public officer; is not merely a county treasurer by another name. Under that act a depository is but a contractee. The depository pays the county interest on the daily balances, and engages to keep and pay out the funds lawfully committed to its care. The depository can receive no compensation other than the advantage derived from having the deposit. In fact, the theory of the act in this respect is that the depository pays the county for the privilege of having the deposit. No term is provided as for an office or officer. . . . There are no qualifications prescribed as for a public officer. Indeed, in the light of our governmental history, it is not perceivable how a corporation could be constituted a public officer. The bond exacted by the act contemplates only 'the safety of said deposits.' It is not an official bond in the sense such assurances are exacted and given to secure, generally, the performance of all the official duties a public officer is required to perform or discharge. . . ."

This court said in *Shelmadine* v. *City of Elkhart* (1921), 75 Ind. App. 493, 495, 129 N. E. 878:

"A public officer may be defined as a position to which a portion of the sovereignty of the state attaches for the time being, and which is exercised for the benefit of the public. The most important characteristic which may be said to distinguish an office from an employment is, that the duties of the incumbent of an office must involve an exercise of some portion of the sovereign power." Citing *Groves* v.

*Barden* (1915), 169 N. C. 8, 84 S. E. 1042, L. R. A. 1917A 228, Ann. Cas. 1917D 316.

It must be conceded that a public depository does not have any sovereign power.

We have not found any cases wherein this court or our Supreme Court has decided whether or not a public depository is a public officer within the meaning of Sec. 11589, Burns, *supra,* but we agree with said holdings of said other courts of last resort, consider said quotations applicable in the instant case, and hold that a public depository is not a public officer within the meaning of Sec. 11589, Burns, *supra,* and that therefore said section does not apply in the instant case. See authorities listed in Amer. Dig. Cent. Ed. Sec. 289-290, Banks and Banking; 3rd Dec. Dig. Sec. 119, Banks and Banking.

Appellant further contends that the board of finance did not have authority to release appellee, the surety, from liability on said bond.

We concede that there is no statute which specifically authorizes a board of finance to release a surety on a depository bond, and we further concede that generally, where boards are given statutory authority to accept official bonds but are not given specific statutory authority to release the sureties on such bonds, such boards do not have authority to release the sureties. See *Mass. Bonding & Ins. Co.* v. *State* (1925), 82 Ind. App. 377, 146 N. E. 116, 149 N. E. 377; *Amer. Bonding Co. of Balt. Md.* v. *Hall et al.* (1915), 57 Ind. App. 523, 106 N. E. 534.

As we have heretofore indicated, a depository is not a "public officer;—" hence a depository bond is not an "official bond," within the strict meaning of the term, and therefore said general rule does not apply in the instant case.

Sec. 12627, Burns 1926, §61-614, Burns 1933, §13818.

Baldwin's 1934, expressly imposes upon the Attorney-General the duty to prepare "forms of proposals, forms of bonds, and forms of acceptances which shall be used and observed by the several Boards of Finance in the execution of this (Public Depository) Act." The second paragraph of answer alleges that the Attorney General prepared the form of the bond in the instant case.

The duty to prepare the form of bond, carried with it all the incidental powers that might be fairly deduced from the ends attempted to be accomplished. *Kasik* v. *Jannsen* (1914), 149 N. W. (Wis.) 398; *Commonwealth* v. *Picard* (1929), 145 Atl. (Pa.) 794.

Sec. 12622, Burns 1926, authorizes the acceptance by boards of finance, of designated types of collateral securities in lieu of surety company bonds, and the acceptance of such collateral securities as a portion of the security required, and a surety company bond for the balance thereof.

Sec. 12628, Burns 1926, provides that "if a collateral bond matures while the deposit continues, or if, *for any other reason,* it becomes necessary to said depository to withdraw such collateral bond or security, the depository depositing the same shall be entitled to withdraw any such collateral bond substituting therefor other collateral bonds to the approval of said board of finance." (Our italics.)

The purpose of depository bonds is to protect the municipality against the loss of its funds placed on deposit with the depository, and interest due thereon.

The form of bond in the instant case provided such protection. The provisions for release of surety did not surrender any protection which would have been provided by the bond, if said provisions had not been in the bond. The release provided for was conditioned upon the approval and acceptance by

the board of finance of a new bond "in the sum required by law of like tenor and effect as this obligation." Said provisions for release did not tend to defeat any of the purposes of the Public Depository Act. In view of said facts we hold that the power to release appellee pursuant to said provisions, was a power incidental to the power to approve and accept appellee as a surety, which latter power was specifically conferred upon the board by statute.

The statutes require boards of finance to use forms prepared by the Attorney General. The statutes do not designate what provisions the bond form shall contain, or what they shall not contain. It would be folly for the legislature to require the Attorney General to prepare the forms of bond, and to require the boards of finance to use said forms, and then withhold from the board of finance the power to exercise one of the provisions of the bond, which provision does not defeat any of the purposes of the Act. See *Lawrence* v. *Amer. Surety Co.* (1933), 263 Mich. 586, 249 N. W. 3; *Mountrail County* v. *Farmers State Bank et al.* (1926), 53 N. D. 789, 208 N. W. 380.

Appellant cites *U. S. F. & G. Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372; and *Nat'l. Surety Co.* v. *State ex rel. Rathbun* (1929), 90 Ind. App. 205, 161 N. E. 573. Said cases are clearly distinguishable from the instant case. Each of said cases involved a bond of a bank officer. Each of said bonds contained provisions which purportedly exempted the sureties from liability for acts of the principal, for which acts the statute made the sureties liable. In each of said cases the provisions in said bonds which were contrary to statute were "read out of" the bonds and the statute was "read into" the bonds. The salient question here is the power to release a surety, that question was not discussed in either of said cases.

The demurrer to the second paragraph of answer was properly overruled.

No reversible error having been shown, the judgment is affirmed.