# Wharton *versus* Duncan.

1. W., to procure a line of discount for the firm of which he and his brother were the members, executed to a bank a mortgage of his individual real estate. The security of this mortgage being deemed insufficient, the mother of W. executed a mortgage of her real estate to provide further protection to the bank. The condition of each mortgage was to secure the payment of the notes to be discounted for the firm to an amount not to exceed $25,000. Notes to the amount of $20,000 being held by the bank, on the payment of $10,000 by W. his mortgage was satisfied without the knowledge of his mother, and the firm having subsequently failed suit was then brought by the bank on her mortgage to recover the amount of the residue of the notes unpaid. *Held,* that the relation of defendant to the parties and the transaction was that of surety of W. alone, and she had the right to require that the value of the property covered by the lien of the mortgage of W. should be exhausted before recourse could be had to her mortgage, and the satisfaction of the mortgage of the principal debtor operated as a discharge *pro tanto* of that of the surety.

2. *Held, further,* that the relation of co-sureties did not subsist between W. and defendant, and the liability of each to the plaintiff was therefore not equal.

3. Everly *v.* Rice, 8 Harris 297, followed.

October 30th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1876, No. 233.

Scire facias upon a mortgage by George Duncan, president of the Farmers' and Mechanics' Bank of East Birmingham, in trust for said bank, against Oliveretta Wharton.

The facts were these :—

The firm of Wharton Bros. & Co., of which Clifton Wharton and Oliver F. Wharton were the members, wishing to obtain a line of discount with the Farmers' and Mechanics' Bank of Birmingham to the amount of $25,000, the said Clifton Wharton on the 31st of August 1870, executed and delivered to the bank his mortgage on his individual real estate, to secure them against all paper they might discount for said firm endorsed by him, not exceeding $25,000. The bank not being satisfied with the security of this mortgage, Mrs. Oliveretta Wharton, mother of the Wharton brothers, who had no interest in the firm, executed for their accommodation her mortgage to the bank of same date with the other as additional security.

The mortgages were for equal amounts, $25,000 each. Notes to the amount of $20,000 were discounted by the bank for Wharton Bros. & Co.

Clifton paid $10,000, lifting that amount of the firm's paper, and procured a satisfaction of his mortgage. Subsequently the firm failed, and the bank then sought to collect the balance due, to wit, $10,000, from the defendant on her mortgage.

The plaintiff contended that the defendant and Clifton Wharton executed their respective mortgages as sureties for the same parties and the same debt, and that the release of the mortgage of the latter did not therefore operate as a discharge of the mortgage in suit.

The defence set up was that the bank, without the knowledge or consent of the defendant, on or about the 23d December 1872, entered satisfaction in full of the mortgage of Clifton Wharton, giving receipt in full for debt and interest, and thereby in law discharged also the mortgage of defendant as being simply collateral to the former. Or if not discharged absolutely in law, yet that the property held by the bank under the Clifton Wharton mortgage was in fact amply sufficient to discharge the plaintiff's claim, and that if so, the satisfaction of such mortgage would discharge the other mortgage as being only collateral. Or if otherwise found, then that the satisfaction of the Clifton Wharton mortgage would operate at least as a discharge pro tanto of the Oliveretta Wharton mortgage, comparing the value of the property bound by the former with the debt for which it was held.

The court, Collier, J., affirmed a point embodying the views

[Wharton v. Duncan.]

embraced in the foregoing contention of the plaintiff, and refused three points containing those of the defence, and instructed the jury to find for the plaintiff for the amount claimed.

The defendant took this writ, and assigned this action of the court for error.

*Hill Burgwin,* for plaintiff in error.—Clifton Wharton, whose mortgage was satisfied and discharged, was a member of the firm of Wharton Bros., a principal debtor, liable personally for the debt, both as endorsor and co-partner, while plaintiff in error was, to the extent of the property embraced in her mortgage, only a surety. Her mortgage was intended only as additional security, that of Clifton Wharton being considered by the bank not sufficient. The receipt by the bank, by which the Clifton Wharton mortgage was satisfied, was under seal and a receipt *in full* for the mortgage *debt*, principal and interest. Under the most common principles of the law governing the relations of principal and surety, such discharge of the principal operated as a discharge of the surety : Schock v. Miller, 10 Barr 401 ; Pitman on Surety 187–191. But if the surety-mortgage was not discharged absolutely, there can be no question that it was at least discharged *pro tanto.*

*T. M. Marshall* and *Miller & McBride,* for defendant in error.— The satisfaction of the mortgage of Clifton Wharton by the bank did not operate in law as a satisfaction of the mortgage of the co-surety : Ex parte Gifford, 6 Vesey 805 ; Mortland v. Himes, 8 Barr 265 ; Schock v. Miller, *supra.* Equality of burden is the general rule between sureties to the same bond : Story's Eq. Juris., § 497. The discharge did not extend to the whole debt where the means of payment was only of part : Everly v. Rice, 8 Harris 298 ; Neff's Appeal, 9 W. & S. 36 ; Holt v. Bodey, 6 Harris 207 ; Cathcart's Appeal, 1 Id. 420 ; Schock v. Miller, 10 Barr 401.

Mr. Justice WOODWARD delivered the opinion of the court, January 2d 1877.

On the 31st of August 1870, an agreement was made by the Farmers' and Mechanics' Bank of Birmingham, to discount notes to the amount of $25,000 for the firm of Wharton, Brothers & Co., of which Clifton Wharton and Oliver F. Wharton were the members. To secure these notes, Clifton Wharton executed to the plaintiff below as trustee of the bank a mortgage of his individual real estate. The security of this mortgage not being regarded as adequate, Mrs. Oliveretta Wharton, the defendant below, was induced to execute a mortgage of her real estate in order to provide further protection to the bank. The condition of each mortgage was to secure the payment of the notes that should be discounted for the firm to an amount not exceeding $25,000. On the 23d of

[Wharton v. Duncan.]

December 1872, notes amounting to $20,000 were held by the bank, and on that day, on the payment of $10,000 by Clifton Wharton, the mortgage executed by him was satisfied. This suit was brought on Mrs. Wharton's mortgage, and a verdict was directed by the court below in favor of the plaintiff, for the amount of the residue of the notes unpaid.

In this somewhat exceptional state of facts, the rule for the adjustment of the rights of the parties is to be deduced by analogy from principles which the authorities have established. Precise precedents can scarcely perhaps be looked for. While Clifton Wharton's mortgage was a collateral security for the principal debt, the fact is not to be lost sight of that the principal obligations of the debts secured, consisted of notes of the firm of which he was a member, and of these notes he was the endorser. The relation which the defendant held to the parties and the transaction, was that of surety alone. In dealing with Clifton Wharton, it was the duty of the plaintiff to keep these facts in view. He knew the defendant's position and her rights as well as Clifton Wharton's duties and obligations. The defendant had the right to require the fund which the principal debtor had pledged to be exhausted before any liability on her part should accrue. And there is nothing in the record to show that the fund was exhausted by the payment of the $10,000, which the plaintiff received from Clifton Wharton on the 23d of December 1872. If the mortgage which was then satisfied had represented the original indebtedness, the defendant as a surety would have been discharged. The principles which discharge a surety where time has been given to the original debtor, apply with equal if not greater force, to a case where the creditor, without the consent of the surety, releases the principal by accepting a composition in discharge of his debt: Ex parte Wilson, 11 Ves. 410. It is unnecessary to encumber this opinion by a reference in detail to authorities on this general subject. The English cases are collected in Pitman on Principal and Surety, pp. 187–191. The state of the law here has been adequately illustrated by Judge Rogers in Schock v. Miller, 10 Barr 401, and by Judge Lowrie in Holt v. Bodey, 6 Harris 207. The satisfaction of Clifton Wharton's mortgage left $10,000 of the original debt unpaid, and the rights of the defendant must be tried therefore by some different rule.

The ground was taken on the argument, that the relation of co-sureties subsisted between Clifton Wharton and the defendant; that the liability of each to the plaintiff was equal; and that, one-half of the indebtedness having been paid by Clifton Wharton, the other half may be collected by a pursuit of the defendant's mortgage. If in truth the execution of the two collateral mortgages created the simple relation of co-sureties between the mortgagors, the conclusions of the counsel would be safely founded. As the discharge of the surety has not the effect of a discharge of the principal, so

[Wharton *v.* Duncan.]

neither will the discharge of one co-surety have the effect of discharging another.  A creditor may release, or compound with, or give time to one co-surety without prejudicing his right to proceed against the others ; but he cannot recover from the other co-sureties more than the proportion they would have paid, supposing the co-surety released had contributed his share : Ex parte Gifford, 6 Vesey 805 ; Schock *v.* Miller, *supra.*  But on what principle can it be said that Clifton Wharton and the defendant were co-sureties merely ?  The question would seem capable of settling itself by subjecting it to an obvious and simple test.  Can it be doubted that if the whole amount due the Farmers' and Mechanics' Bank had been collected by the plaintiff by proceedings on the defendant's mortgage, that she, the firm of Wharton, Brothers & Co. being insolvent, would be entitled to contribution out of the estate bound by the mortgage of Clifton Wharton ?  And can it be pretended, if his estate had provided for the whole indebtedness, that he could set up the fact that his mortgage was collateral, as a ground for establishing the relation of a co-surety with the defendant, and recover contribution from her ?  It was his debt which both mortgages were given to secure, and it was his duty to shield the defendant from liability by providing the means of payment.

The extent of the defendant's legal obligation to the plaintiff was indicated by the statement by a witness at the trial of the purpose for which her mortgage was really executed.  Mr. Ammon said that the mortgages "were taken to secure the notes.  We didn't think that Clifton Wharton was sufficient."  It was the manifest understanding of the parties that the defendant, by her mortgage, undertook to make good any deficiencies in the securities held by the bank for the money lent to the firm of Wharton, Brothers & Co. And this precise measure of duty results by legal implication from the circumstances of the transaction.  If property belonging to a principal, and property belonging to a surety, respectively, have been deposited with a creditor as a security for his debt, the surety, it would seem, may in equity (upon submitting to pay to the creditor what shall justly be found due to him upon taking the accounts between him and the principal), insist upon the property of the principal being first applied in satisfaction of the creditor's debt : Aguilar *v.* Aguilar, 5 Maddock's Rep. 414.  When a creditor has in his hands the means of paying his debt, and he does not use them but gives them up, the surety is discharged so far as the security surrendered would have reached to pay : Everly *v.* Rice, 8 Harris 297.  In that case Miller N. Everly owed John P. Rice $1000, for which he gave his bond and a mortgage on property in New Jersey.  To secure this Everly's mother gave her bond to Rice. At the sale of the New Jersey property, Mrs. Everly was willing to bid $1250 for it, but Rice procured it to be sold for $150.  In a suit on the bond given by Mrs. Everly, defence was taken on the

[Wharton v. Duncan.]

ground that Rice by his conduct had prevented her from bidding· the property up to its value, and designedly caused it to be sold to another person at a much less price. "If this was true," it was said by Chief Justice BLACK in entering the judgment of this court, "Mrs. Everly was injured to the extent of the difference between the value of the property and the price it sold for. * * * A surety may be subrogated to the rights of the creditor in all the securities. he has against the principal. Mrs. Everly could demand to be so subrogated, or else to have the mortgaged premises sold for the best price, and the proceeds applied to the payment of the debt in her relief." A recognition and application of the principles thus settled define the rights and obligations of this defendant. She was entitled to have the value of the property covered by the lien of Clifton Wharton's mortgage applied in relief of her liability, in payment of the notes of Wharton, Brothers & Co., held by the Farmers' and Mechanics' Bank. The jury should have been instructed to ascertain the value of that property on the 23d of December 1872, when $10,000 were paid by Clifton Wharton; to deduct the excess of the valuation over the $10,000 thus paid from the $10,000 claimed in this suit on the defendant's mortgage; and to render a verdict in favor of the plaintiff for the balance remaining due after the application of that excess.

Judgment reversed, and *venire facias de novo* awarded.

SHARSWOOD, J., dissented.