## Shaffer *v.* Messner.

*Principal and surety—Subrogation—Rule to show cause—Practice, C. P.*
Where one of two joint and several obligors, who are cosureties for a
third, under the pressure of an execution and a levy upon his personal
property and real estate, pays the judgment for which all are jointly and
severally liable, such surety may on a rule to show cause, enforce subroga-
tion to the rights of the plaintiff as against his cosurety.

Where a judgment is paid by a cosurety his right to subrogation cannot
be defeated by satisfaction of the judgment.

Argued Dec. 8. 1904. Appeal, No. 178, Oct. T., 1904, by
defendant, from order of C. P. Schuylkill Co., Jan. T., 1902,
No. 47, making absolute rule for subrogation in case of Wash.
Shaffer v. Daniel E. Messner, H. G. Lebo and John Messner.
Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MOR-
RISON and HENDERSON, JJ. Affirmed.

Rule for subrogation.

MARR, P. J., filed the following opinion:

John Messner, one of the above-named defendants, filed
his petition, setting forth that on October 30, 1901, the above-
named Daniel Messner gave to above-named plaintiff his judg-
ment exemption note for $500, payable in one year with six
per cent interest, with H. G. Lebo and John Messner as bail.
The petition further sets forth that said note was entered to
above-referred to number and term and execution was issued
on same against Daniel Messner and the petitioner, John
Messner, and that on May 4, 1903, your petitioner paid to the
sheriff of Schuylkill county the sum of $591.73, being the full
amount of the debt, interest and costs and that neither Daniel
Messner or H. G. Lebo paid any part of same. A rule was
granted on H. G. Lebo to show cause why John Messner should
not be subrogated to the rights of the plaintiff, Wash. Shaffer.
To this rule an answer was filed by H. G. Lebo denying the
right of the petitioner and gave three reasons why the said
rule should not be permitted, which reasons, as set forth in the
answer, are as follows:

1. Deponent was not simply one of the sureties of the said

Daniel E. Messner, as alleged in the petition for this rule, but a surety of the surety as well.

2. Even were this deponent a surety of the said Daniel E. Messner alone, which is denied excepting to the extent herein-above stated, the said John Messner, by his conduct in the premises, released the principal, Daniel E. Messner, from his duty to reimburse him for the loss, and he cannot, therefore, enforce contribution from his cosureties.

3. As between this petitioner and deponent, the contract of suretyship is null and void because of the misrepresentations made and fraud practiced upon deponent at the time of the execution of the note by him.

In Hess's Estate, 69 Pa. 272, it was held, that a surety who pays his principal's debt is entitled to be subrogated to all the rights and remedies of the creditor against his cosurety, in the same manner as against the principal.

Where one of several joint sureties has paid the whole debt, he will be entitled to the judgment to enforce contribution by his cosureties : Mosier's Appeal, 56 Pa. 76.

Where two persons are jointly and severally bound as sureties for the debt of another, there is an implied promise by each surety to the other to pay one half of their principal's debt in case of his inability to pay it, and their relation to each other for one half of the debt is that of principal and surety : Baily's Estate, 156 Pa. 634.

Many other cases may be cited in support of the foregoing rule, and it should prevail in the present case unless the reasons set forth in the answer of the respondent shall defeat the application of the rule.  In support of the first reason the respondent, H. G. Lebo, says that Shaffer refused to accept the note of Daniel E. Messner, with John Messner as bail, unless another responsible person was offered in addition to the said John Messner, and after being importuned he finally agreed to go bail not for Daniel E. Messner alone, but for both Daniel E. Messner and John Messner, and he further says that the note has been paid to the sheriff and satisfied of record, and that he therefore is no longer liable.  Depositions were taken on the part of the respondent and of the petitioner.  An examination of same shows that Mr. Lebo and Daniel Messner had some conversation at the time the note was signed by Mr. Lebo, and

it is evident that Daniel Messner made some false representa-
tions at the time he induced Lebo to sign the note, but it no-
where appears that John Messner, the cosurety, was present
at any such conversation or had any knowledge of such a con-
versation or of any of the alleged representations made by
Daniel Messner to Lebo. According to the evidence of the
petitioner he had no conversation with Lebo until a year or more
after the note was due, when Lebo asked him what was to be
done about the payment of the note. The petitioner further
says that Lebo never repudiated the note.

How John Messner is to be affected by the representations
of Daniel Messner to Lebo when he was not present and knew
nothing about them, it is difficult to understand. The answer
of Lebo admits that Shaffer would not accept the note without
an additional responsible person in addition to John Messner,
thereby showing, when he went on the note, that he was to be
held responsible for the payment of same and he signed the note
immediately after the principal signed it and before John
Messner signed it. There is nothing in the evidence to show
that John Messner was to be held responsible before Lebo could
be resorted to or that Lebo was surety for John Messner. Nor
does the satisfaction of the judgment relieve the respondent.
Where a judgment is paid by cosurety, his right to subrogation
cannot be defeated by satisfaction of the judgment: Baily v.
Brownfield, 20 Pa. 41. The entry of satisfaction on a judgment
does not prevent the right of subrogation and the right of sub-
rogation being found to exist, a court has the right to decree
that the entry of satisfaction should be canceled: Mosier's
Appeal, 56 Pa. 76.

The second reason assigned by the respondent relates to the
conduct of John Messner at the time execution was issued
against the parties. The answer alleging that John Messner
paid the execution without the sheriff's selling the household
furniture of Daniel Messner. There is nothing to show that
Lebo requested the sheriff to sell the personal property of
Daniel Messner, or that he protested against the payment of
the execution by John Messner, before the sale of the furniture
of Daniel Messner. John Messner, in his depositions, says that
he was compelled to pay the execution or have his property
sold, that the sheriff had levied on his property, on a Saturday,

and had given him to the following Monday at ten o'clock to pay the execution and he consequently paid it in order to save further costs. It is also apparent that the furniture of Daniel E. Messner, which was his only property, was not sufficient to pay more than a small proportion of the debt and additional costs—which would have been made by a sale. If Mr. Lebo desires to have recourse to the furniture of Daniel E. Messner, let him pay his proportionate share of the debt, interest and costs paid by John Messner and become subrogated as against Daniel E. Messner and he can have execution against him. The authorities cited by counsel for Lebo relating to a creditor releasing a principal and thereby discharging the sureties are not applicable to the present case, for the reason that John Messner was not a creditor, but a joint debtor and a cosurety, and was compelled to pay the execution or suffer his property to be sold at sheriff's sale and a large amount of additional costs be made. There is nothing in the evidence which shows that John Messner did anything, except to pay that which he was legally bound to pay, and for him to have insisted on the sheriff to first sell the furniture of Daniel E. Messner would have availed but little, and if Lebo desired it to be done he could easily have notified the sheriff to that effect, and if John Messner had then interfered, there might be some ground for Lebo's complaint.

As to the third reason assigned by the respondent, we are unable to see any merit in it. As before said, how misrepresentations made by a principal to one of his cosureties in the absence of the other cosurety and without his knowledge shall affect him, it is difficult to understand. It certainly cannot relieve as against the obligee, he being no party to it, nor should it relieve one surety as against his cosurety.

For the foregoing reasons we think John Messner is entitled to an order of subrogation.

And now, February 8, 1904, after due consideration, it is herewith ordered and directed that the satisfaction of the judgment to No. 47, January Term, 1902, be canceled by the prothonotary of the county. And it is further ordered and directed that John Messner, the petitioner, be subrogated to the rights of Wash. Shaffer in above-referred to judgment as against H. G. Lebo for one half of the amount of the debt, in-

191, (1905).] Opinion of Court below—Opinion of the Court.

terest and costs paid by John Messner, with interest thereon from the time of such payment.

*Error assigned* was the order of the court.

*E. P. Leuschner*, for appellant.—The law is clear that where a creditor (Messner now claims to be, and is, the creditor) lets the means of satisfaction slip from his hands, he discharges the surety: Morrison v. Hartman, 14 Pa. 55; Cathcart's App., 13 Pa. 416; Clow v. Derby Coal Co., 98 Pa. 432; Holt v. Bodey, 18 Pa. 207; Beale v. Com., 11 S. & R. 299.

*E. J. Webb*, for appellee.—A surety who pays his principal's debt is entitled to be subrogated to all the rights and remedies of the creditor against his cosurety, in the same manner as against the principal: Hess's Est., 69 Pa. 272; Baily's Est., 156 Pa. 634; Steigerwalt v. Smeych, 9 Pa. Superior Ct. 363; Kerr's Est., 4 Pa. Dist. Rep. 696; Hoge's Est., 188 Pa. 527; Mosier's App., 56 Pa. 76.

OPINION BY BEAVER, J., January 17, 1905:

There is nothing exceptional in this case. One of two joint and several obligors, who were cosureties for a third, under the pressure of an execution and a levy upon his personal property and real estate, paid the judgment for which all were jointly and severally liable. He sought subrogation to the rights of the plaintiff as against his cosurety on a rule to show cause. Testimony was taken and the case carefully considered by the court, as is shown by the opinion of Judge MARR in disposing of the rule which was made absolute.

That opinion contains a very full discussion of the case both as to its facts and the law applicable to them. The authorities which are applicable to the case are cited and those upon which the appellant relies are shown to be inapplicable to the facts, as clearly brought out in the testimony taken upon the rule. The opinion of Judge MARR is entirely satisfactory to us and no discussion of the case which we can make would add to its clearness, inasmuch as no essential point is omitted in his discussion.

The order making absolute the rule to show cause why

John Messner, one of the sureties of Daniel E. Messner, should not be subrogated to the rights of the plaintiff, as against his cosurety, H. G. Lebo, for one half of the amount of debt, interest and costs paid by the said John Messner, with interest thereon from the time of such payment, was properly entered. None of the assignments of error can be sustained.

Decree affirmed and appeal dismissed at the costs of the appellant.