## Wyoming Construction Co., to use, Appellant, v. Franklin Trust Co.

Argued December 2, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Paul Reilly,* for appellant.—Equitable assignments of parts of funds have been supported by the courts in Pennsylvania: Phœnix Iron Co. v. Phila., 11 Phila. 203; Cooper Brass Works v. Nass, 13 Pa. Dist. R. 405; Diamond v. T. M. Works International B. Mills, 7 Pa. D. & C. 113; Beaumont v. Lane, 3 Pa. Superior Ct. 73; Trust Co. v. Howell, 19 Pa. Superior Ct. 255; Fett's Est., 39 Pa. Superior Ct. 246.

*Edward H. Cushman,* with him *Fred. W. Breitinger,* for appellee.—It must be conceded that the assets of the operation were assigned by the Wyoming Construction Co. to appellee for the purpose of paying the debts for labor and material incurred in connection with building the houses. To divert the same for any purpose foreign to the building operation agreement would be to violate the terms of the trust under which the fund was lodged with appellee. It is well established that there cannot be any such diversion or misappropriation of funds: Austin-Nichols Co. v. Trust Co., 289 Pa. 341; Willis v. Curtze, 203 Pa. 111; Baltimore & Ohio R. R. v. Land Co., 175 Pa. 95.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:
In this case the use-plaintiff seeks to recover the sum of $2,000, with interest, due him as a commission on the sale of real estate belonging to the legal plaintiff, Wyoming Construction Company. That company had purchased 41 lots of ground, upon which it planned to erect an equal number of dwellings. To enable it to do so, it entered into a contract with the Franklin Trust Company to issue policies insuring the title to and guaran-

teeing construction of the buildings in order that mortgages thereon might be placed. The contract provides that all funds for the operation shall be deposited with the trust company for its protection, and this was done. The construction company sold the houses and for his services in negotiating the sale agreed to pay Koons $2,000. In pursuance of directions from him, the construction company ordered defendant, in writing, to pay to Best this sum out of the proceeds of the sale of the properties. Defendant acknowledged receipt of this paper, endorsing thereon, "The letter of which the above is a copy was received by the undersigned company on July 3, 1919, for its files, without any obligation to itself." Defendant paid to the construction company from July 3, 1919, subsequent to the receipt of the order of payment to the use-plaintiff, sums aggregating $16,-504.60 for carpenter work, cement work, plastering, lumber, grading and labor, all necessary to the completion of the buildings. Prior to July 3, 1919, the construction company delivered to J. Anderson Ross Company, who had furnished materials for the operation, an order on the trust company to pay the Ross Company $5,500. This paper was lodged with the trust company on July 1, 1919. The trust company did not have sufficient funds to meet the claim of the Ross Company and when all funds in hand had been disbursed except the sum of $521.46, there was still due the Ross Company $1,800. It is the contention of appellant that, notwithstanding the fact that the building contractor furnished labor and materials to the operation after July 3, 1919, it had no right to be paid for them until he, the appellant, was paid, although his claim was for a debt not of the kind covered by the express appropriation of the funds; that by disbursing the funds to the construction company after receipt of its order to pay him, although the disbursements were made on account of the cost of construction of the buildings, the trust company became liable for the amount due him by the construction com-

pany. In the court below, a formal verdict for the plaintiff was rendered, the acts not being in dispute; subsequently judgment was entered for defendant non obstante veredicto, from which the use-plaintiff appeals.

A previous suit between these same parties resulted in a nonsuit and refusal to take it off, which on appeal was affirmed: Koons, to use, v. Franklin Trust Co., 276 Pa. 377. While the main question there determined was that recovery could not be had against defendant on the oral promise of one of its officers to pay the commission, some of the important matters in the present action were there passed upon. It was said that, "The only relation which the defendant bore to the construction company was that of indemnitor of its mortgages in so far as completion of the actual building of the houses was concerned. The record shows it had no other interest." This conclusion was reached from the terms of the contract between the construction company and defendant. We also said that, "the outstanding construction accounts were first to be satisfied." As to the order of the construction company to pay we observed, "it was considered merely as a notice of claim, received without effect upon the rights of the respective parties." Appellant argues that he is entitled to be paid his commission out of the funds in defendant's hands irrespective of whether all the costs of construction have been met or not. We think this unmaintainable when the purpose of the contract is considered and its express provisions are taken into account.

The contract irrevocably assigned to the trust company the funds for the proposed operation for the purpose of paying for the labor and material required to complete the houses and to indemnify it against any loss which it might sustain under the policies guaranteeing completion of the operation and their freedom from mechanics' liens. The contract provides that defendant, "shall have the right to use any funds or securities in its hands belonging to the said operation, or otherwise, to

secure the completion of said buildings, and to pay the debts thereof," and that all moneys received on account of the operation "shall not......be liable to attachment or garnishment at the suit of any creditor" of the construction company, "said moneys being hereby specially and irrevocably appropriated and applied to the protection of the trust company against loss of any kind in connection with the said operation and to the payment of debts contracted in and about the erection and construction of the said buildings and the expense incident thereto." These provisions authorized defendant, in order to protect itself, to use the funds coming into its hands to secure the completion of the houses and to pay the debts thereof. Among such debts were those of the construction company for work done and materials furnished. There was no provision prohibiting payments directly to the latter, and as moneys coming into the defendant's hands on account of the operation were appropriated and applied to its protection "against loss of any kind" and for the payment of debts contracted in the erection of the houses, the payments to the construction company were properly made. It was also stipulated that the construction company, "or such other person or persons, as it shall in writing designate," is entitled to "any balance remaining out of any funds coming into the hands of" defendant *only* "after the buildings shall have been fully finished and completed" and defendant "shall have been discharged of and from all liability or liabilities by reason of policies, indemnities, guarantees or other undertakings issued by it, or by reason of any other liability growing out of the operation, and after all debts incurred in and about the erection and construction of the said buildings shall have been paid." Until such debts were paid, defendant would not be relieved of liability. So long as the funds were used for labor and material to complete the operation, the identity of the person to whom such payments were made is not important. The purpose of the contract as

embodied in its language being to appropriate the funds to the completion of the houses and to safeguard defendant in its undertakings on their account, the devotion of the money to the payment of those whose labor and materials had aided in their construction rather than the appropriation of part of it to the payment of appellant's claim for commission could not give rise to a valid claim by him against the trust company. Notice of the claim received by the trust company coupled with its repudiation of any liability thereunder could not fix it with the debt. In order to do so there must have been something more than appears, some valid undertaking by the trust company to pay in any event, whether the funds in its hands were sufficient to discharge all the construction debts or not.

Where funds are deposited for the payment of specific claims, there is an appropriation or pledge that they be used for such special purpose which places them beyond the grasp of other claims: Willis v. Curtze, 203 Pa. 111; Austin-Nichols & Co. v. Union Trust Co., 289 Pa. 341. The trust company had the right to make the payments which it did under the express terms of the contract and as a result of the appropriation of the funds, and was not required to pay plaintiff. Furthermore, plaintiff has no right under his assignment to participate in the funds deposited with the trust company until the construction company has such right and under the agreement it would have no standing to claim any of the money until all debts for labor and material had been paid.

The judgment is affirmed.