## Hampton, Appellant, *v.* Congress Building & Loan Association.

Argued April 22, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wayne P. Rambo,* with him *Robert Mair* and *Ormond Rambo,* for appellant.—As between plaintiff and defendant, the Shelbourne Realty Co., by its assumption of the mortgage debt, became the principal debtor: Cook v. Berry, 193 Pa. 377; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456; Blood v. Crew-Levick, 171 Pa. 328; Monroe v. Wallace, 2 P. & W. 173.

The release of Shelbourne Realty Co. by defendant, discharged plaintiff, and entitled him to a return of his collateral: Schock v. Miller, 10 Pa. 401; Holt v. Bodey, 18 Pa. 207; Wharton v. Duncan, 83 Pa. 40; Franklin Trust Co. v. Clark, 283 Pa. 212.

Plaintiff's right of action against defendant arose in consequence of the satisfaction by defendant of the judgment given by the Shelbourne Realty Co. to defendant, and the release by defendant of the realty company.

*David S. Malis,* for appellee, was not heard.

OPINION BY MR. JUSTICE SADLER, May 12, 1930:

Elmer B. Hampton, plaintiff, owned a property at No. 7001 Emlen Street, in the City of Philadelphia. In December, 1924, he entered into preliminary negotiations to sell it to the Shelbourne Realty Company, subject to two mortgages, one for $12,000, and the other for $10,000, the latter representing funds to be advanced by the Calendar Building & Loan Association, later merged into the Congress, the present defendant. By his agent, he arranged for the second loan to be secured on the premises referred to through the medium of one Rothwell, to whom he conveyed the title. The latter took shares in the association, and executed in his own name a bond and mortgage for the sum of $10,000 advanced, the mortgage being in due course recorded. To carry out the transaction, Hampton agreed to purchase $4,000 of paid up stock and assign the same as collateral to protect the lender, and this he did on February 26th.

Rothwell conveyed the property on March 2d to the Shelbourne Realty Company "under and subject" to the two mortgages, assigning the stock standing in his name to the realty company, and the latter executed its separate bond to secure the mortgage loan, payment of which it had assumed. Later, on April 29th, Hampton, for his own protection, secured a written agreement from the defendant setting forth the fact that his paid up shares were held for Rothwell's obligation, reserving the right to pay the loan at any time and secure the return of his collateral. Default in payment of dues and the principal and interest of Rothwell's $10,000 mortgage occurred in the fall of 1927, of which Hampton was

given notice so that he might advance the necessary funds, take an assignment of the securities held by the association, and thus prevent possible personal loss. He asked, however, that the bond of Rothwell be entered and foreclosure proceedings instituted. This was done, and the property sold on November 27, 1927, for $3,700.

The association received the net proceeds, and, in addition, sold the paid up stock, deposited as collateral by Hampton, appropriating the amount in part satisfaction of its claim, as it had the right to do: Wyoming Construction Co. v. Franklin Trust Co., 298 Pa. 582. It did not avail itself of the right to proceed on the Shelbourne bond, though the company was solvent. A balance of $897.86 remained unsatisfied, and, in the following February, it released the realty company from liability upon the payment of $150.

This bill was filed by plaintiff to compel the surrender of the $4,000 paid up stock deposited as security for Rothwell's debt, or an accounting for its value, it being insisted that it was the duty of the association to collect its claim from the Shelbourne Realty Company, which had given an obligation, in addition, to secure the debt, and urged that the release of the latter, for a small consideration, made impossible the allocation of Hampton's collateral to the relief of the association. This contention was held to be without merit, and the proceeding dismissed. From the decree so entered the present appeal was taken.

It will first be noticed that Hampton cannot be treated as the principal debtor. He had conveyed to Rothwell, who executed the bond and mortgage, an accommodation granted only because the plaintiff furnished the paid up stock as collateral, and the return of which he could at any time secure by paying Rothwell's debt, a privilege which he failed to exercise. If he were considered the obligor, because Rothwell was a straw man, it would avail him nothing in this proceeding, for he could not demand the surrender of the security deposited

until the indebtedness of $10,000 was paid, and it never was.

He can be considered only as a surety for Rothwell's debt to the extent of the value of the stock transferred. It is true that the latter conveyed to the realty company "under and subject" to the mortgage, and the latter gave a bond also to the association for its additional protection. The transfer of the land with this condition did not alter the vendor's right of indemnity against the vendee, if he was obliged to pay an encumbrance which formed part of the purchase price, but the "under and subject" clause gave no right to the owner of the mortgage to recover from the transferee of the property: Act of June 12, 1878, P. L. 205; Orient B. & L. Assn. v. Freud, 298 Pa. 431; May's Est., 218 Pa. 64; Cook v. Berry, 193 Pa. 377; Farmers Loan & Trust Co. v. Penn Plate Glass Co., 186 U. S. 434; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456. The purchaser of the land voluntarily made itself liable to the association by the execution of a bond, but this was merely additional collateral held by the creditor for its own protection.

The association held two securities for the payment of the Rothwell mortgage, the paid up stock of Hampton and the collateral bond of the Shelbourne Realty Company. These were separate instruments with different covenants, though both held as protection for the same loan. This did not make the two indemnitors co-sureties, for their contracts were separate and distinct (Clymer v. State ex rel. Wein (Ind.), 109 N. E. 431), and one was not dependent on the other, as in Wharton v. Duncan, 83 Pa. 40, cited by appellant. Holding, as it did, various collateral securities, the association could exercise its right to indemnify itself from either or both: Jennings v. Loeffler, 184 Pa. 318; Landberg v. Equitable Investment Co., 292 Pa. 476. Under such circumtsances, it could relinquish part or all held without the consent of the other creditors of the debtor. If the association had on hand current funds of one of the sureties, appli-

cable to the due obligation, it would be its duty to appropriate them to the satisfaction of the debt, as held in Franklin Trust Co. v. Clark, 283 Pa. 212, but no such situation appears here. Rothwell was the principal debtor, and the association held two independent obligations for its security. It could resort to either, or release one without affecting its right against the other. It saw fit to appropriate the paid up stock in part payment, which was clearly within its right, though it also had securities of others deposited for the same debt, and could release the latter, if deemed advisable, for the parties were not cosureties, but had assumed liability under separate contracts.

The realty company accepted title from Rothwell "under and subject" to the payment of the $10,000 mortgage, which formed part of the consideration. If Rothwell suffered damage by reason of the failure of the vendee to comply with its contract, a recovery of the amount lost could be had from the purchaser, and he would not be debarred by reason of the satisfaction by the association of the security bond given. Or, if Rothwell was a mere straw man, and known agent for Hampton in the transaction, it may be, though it is not necessary to decide, the latter could be subrogated to such rights as he possessed, and maintain an action against the Shelbourne Company: Baily v. Brownfield, 20 Pa. 41; Mosier's App., 56 Pa. 76; Shaffer v. Messner, 27 Pa. Superior Ct. 191; Ault v. Adamson, 66 Pa. Superior Ct. 374; Vogue Co. v. Winston Co., 76 Pa. Superior Ct. 158.

But this is not the question before us for consideration. Here we have a principal debtor whose obligation is secured by two separate deposits of collateral, given by those who are not cosureties, but who have individually assumed liabilities. The creditor could elect to proceed against one and release the other, and this course was pursued by the association. Hampton gave his paid up stock to secure Rothwell's loan before the latter conveyed. He acquired by agreement the right at

any time to take over the mortgage, and thus protect himself, but declined to do so, though requested. He cannot now complain when the proceeds of his collateral were appropriated to the payment of the association's debt, whatever his rights over against the realty company may be, for these have not been disturbed, if any exist. The creditor was not bound to proceed on the additional bond and judgment which it held, if not deemed desirable, and their release and satisfaction did not give Hampton a right of action against defendant.

The decree is affirmed at the cost of appellant.