## Peckville National Bank v. Anthracite Trust Co., Admin'r, et al.

*J. B. Jenkins*, for petitioner; *L. D. Savige*, for respondents.

LEWIS, J., June 29, 1931.—The Peckville National Bank entered a judgment note against George Fiorelli and Bridget Clark to the within number and term on August 31, 1927. On August 26, 1929, the plaintiff issued a fi. fa. and levied upon the property belonging to Bridget Clark, one of the defendants. On November 15, 1929, Bridget Clark paid by check the amount of the said note. On November 20, 1929, the bank satisfied the said judgment of record. George Fiorelli, the other defendant in said judgment note, died on November 5, 1928. Letters of administration were issued on May 8, 1931, to the Anthracite Trust Company and the said trust company, as administrator, was suggested as a party defendant of record.

On May 18, 1931, Bridget Clark filed her petition to show cause why the satisfaction aforesaid should not be stricken off and why Bridget Clark should not be subrogated to the rights of the Peckville National Bank and the judgment marked to her use. Depositions were taken in behalf of the rule showing all these facts.

From the depositions filed in the said case, there appears to be no question that the proceeds of the note given to the Peckville National Bank by George Fiorelli and Bridget Clark were received by George Fiorelli for his own use and that the said Bridget Clark was an accommodation maker only. It further appears that the said note was paid by Bridget Clark after execution was issued

against her and her real estate was levied upon. Whereupon she secured sufficient funds to pay the said note in full to the Peckville National Bank.

Bridget Clark, being the surety, is entitled to be subrogated to the rights of the creditor, the Peckville National Bank, against the principal, George Fiorelli, she having paid the debt under the pressure of an execution and levy upon her real estate.

In the case of Shaffer v. Messner, 27 Pa. Superior Ct. 191, the court held: "One of two joint and several obligors who were cosureties for a third, under the pressure of an execution and levy upon his personal property and real estate, paid the judgment for which all were jointly and severally liable. He sought subrogation to the rights of the plaintiff as against his cosurety.

"Where a judgment is paid by his cosurety, his right to subrogation cannot be defeated by satisfaction of the judgment."

And now, therefore, June 29, 1931, after due consideration, it is ordered and directed that satisfaction of the judgment, No. 1887, October Term, 1927, be canceled by the prothonotary of Lackawanna County, and it is further ordered and directed that Bridget Clark, the petitioner, be subrogated to the rights of the Peckville National Bank, the plaintiff above named, as against the Anthracite Trust Company, administrator of the estate of George Fiorelli, deceased, for the full amount of the debt, interest and costs paid by Bridget Clark, with interest thereon from the time of such payment.

From William A. Wilcox, Scranton, Pa.