## Joyce, to use, v. Hawtof

*Murdoch, Paxson, Kalish & Green,* for plaintiff.
*B. D. Oliensis,* for defendant.

MACNEILLE, J., November 26, 1937.—We are considering a rule to open judgment and a rule to strike off judgment. The judgment was entered on March 2, 1933, against defendant upon his bond, and on the ground that it was done without any averment of default, we are asked to strike off.

We do not think that an affidavit of default was necessary, as the bond authorized the confession of judgment for a definite amount, i e., $4,200, and the judgment was so entered as confessed. This situation was clearly before the Supreme Court in Harwood, to use, v. Bruhn et ux., 313 Pa. 337. There have been no later decisions that would cast any doubt on it. Therefore the motion to strike off is discharged.

As to the motion to open the judgment, defendant contends that he is not liable because plaintiffs, without the knowledge or consent of defendant, entered into a written agreement of extension of the mortgage with Mollie Cohen, the owner of the mortgaged premises.

Mollie Cohen purchased the premises on September 11, 1925, from defendant, Max Hawtof, who, on June 22, 1933, created the mortgage, accompanied by the usual bond and warrant, in the sum of $2,100 payable three years thereafter. The mortgagee was Elizabeth M. Joyce, who, on September 9, 1929, assigned to the Fidelity-Philadelphia Trust Company and George G. Omerly, Jr., trustees under the will of George G. Omerly, deceased, and on this same day the written agreement of extension was given to Mollie Cohen.

Mollie Cohen died during the period of extension and left no estate available to creditors, and, on December 9, 1932, the mortgage was foreclosed, and the premises were sold by the sheriff in February 1933 to the holders of the mortgage for $1,800, thus leaving a deficiency. In March 1933 judgment was entered against defendant.

Defendant argues that he was indemnifying plaintiff against nonpayment. We do not so understand the situation. Defendant, by reason of his bond, contracted to pay the mortgagee a certain sum of money, and defendant, by reason of his contract with the grantee, had the assurance of the grantee to pay to mortgagee a sum equal to defendant's obligation to the mortgagee. This contract defendant may enforce against his grantee at any time that he suffers a loss as a result of the grantee's failure to pay. Defendant's undertaking with the mortgagee was an original or primary obligation which has never changed in character.

In the case of Greater Adelphia B. & L. Assn. v. Trilling et al., 323 Pa. 361, 366, the court said:

"But appellants' obligation on their bond to the association was not as surety for the performance by Cluff, their grantee, of the terms of his bond which he subsequently gave to the association. As in *Hampton v. Congress B. & L. Assn.*, 300 Pa. 501, 505, 150 A. 895, Cluff, the purchaser, 'voluntarily made [him]self liable to the association by the execution of a bond, but this was

merely additional collateral held by the creditor for its own protection.' "

In the case at bar plaintiffs did nothing that lessened the security when they granted an extension. They disposed of no part of the land and did nothing to lessen its value. Defendant's liability remains at all times the same as named in his bond. He could have protected himself at any time by requiring the mortgagee upon payment to turn over to him the mortgage and bond. He argues that by the passage of time the value of the real estate became lessened. He had the same opportunity to know, or to anticipate, this as did his grantee or mortgagee. He could have protected himself by requiring an assignment of the mortgage. Nor did he lose because his mortgagee granted an extension to his grantee, as whatever contract he had with his grantee was not altered by any arrangement made between his mortgagee and his grantee: Kiedaisch et ux. v. Elkins Park National Bank et al., 325 Pa. 241. We see no reason to open this judgment to let defendant into a defense.

Wherefore, the rule to open judgment is discharged.