## Philadelphia National Bank v. Lutherland, Inc.

*George T. Robinson* and *Morgan, Lewis & Bockius,* for plaintiff.

*John J. Pentz, Jr.* and *John D. Gresimer,* for defendant.

WILLIAMS, P. J., September 8, 1972.—We have for determination preliminary objections filed to an amended complaint in a mortgage foreclosure action. The amended complaint alleges that plaintiff loaned M. W. Manufacturing Corporation $3,500,000; that

part of the consideration therefor was a mortgage in the sum of $3,500,000 given by Lutherland to plaintiff on July 12, 1971.

The complaint alleges that the mortgagor is in default in that:

(a) Installments of principal and interest due on October 1, 1971, and January 1, 1972, are delinquent.

(b) Certain representations made by M. W. Manufacturing Corporation relied upon by plaintiff in granting the loan were false.

(c) Real estate taxes in the amount of $17,363.85 on the mortgaged premises assessed for the year 1971 have not been paid.

(d) Buildings on the mortgaged premises have not been maintained in good condition and repair.

(e) Plumbing, heating, electrical and kitchen and other fixtures and equipment have been removed in a reckless, negligent and malicious manner so as to cause permanent and substantial damage to the real estate structures.

The complaint further alleges plaintiff took possession of the mortgaged premises on February 10, 1972, as mortgagee in possession, and since that date has incurred expenses for watchman services, insurance, repairs, etc.

Defendant has filed preliminary objections which raise the issue of a prior pending action.

Defendant in its preliminary objections avers that:

(1) Plaintiff had entered a judgment by confession against defendant in this court on March 9, 1972, to January term, 1972, no. 259.

(2) This judgment was entered on a guaranty alleged to have been executed by defendant in favor of plaintiff.

(3) Said guaranty is for the same obligation on which plaintiff instituted the foreclosure action.

(4) Defendant filed a petition to open judgment docketed to January term, 1972, no. 259.

(5) A show cause rule was issued returnable to April 24, 1972.

(6) Said rule stayed all proceedings and that the instant proceeding constitutes a direct violation of said rule and order.

(7) The proceeding at January term, 1972, no. 259, constitutes a prior pending action and is, therefore, a violation of Pennsylvania Rule of Civil Procedure 1017(b).

Plaintiff filed an answer to the preliminary objections in which it admits paragraphs 1, 2, 4 and 5, and denies paragraphs 3, 6 and 7 of the preliminary objections.

The relief sought is that the complaint in mortgage foreclosure be dismissed.

The legal issue raised by the pleadings is:

Does the prior assumpsit action on the guaranty constitute a prior pending action which requires this court to abate the mortgage foreclosure suit?

## DISCUSSION

### Prior Pending Proceeding

Defendant has raised the question of the pendency of a prior action by way of a preliminary objection. This is in accord with Pa. R. C. P. 1017(b)(5). However, this defense, in Pennsylvania, has uniformly been held to be inapplicable where a creditor holds more than one instrument to evidence a debt. See 25 P. L. Encyc., Mortgages, sec. 203, page 49, where it is said:

"The availability of the remedy of foreclosure does not preclude resort to cumulative or alternative remedies. Prior practice in this regard has been continued by the Rules of Civil Procedure. *Thus, a mortgagee may pursue his remedies on both the mortgage and the*

*accompanying bond at the same time even though limited to one ultimate satisfaction."* (Italics supplied.)

This statement is in accord with the ruling in Schuylkill Trust Company et al. v. Sobolewski et ux., 325 Pa. 422, 426, 427, where it was expressly held:

"Defendants have no ground for complaint that judgment was entered on the bond before the proceedings on the sci. fa. sur mortgage were finally determined. *A mortgagee may pursue his remedies on both the mortgage and the accompanying bond at the same time, though limited, of course, to one ultimate satisfaction."* (Italics supplied.)

The right of a mortgagee to sell additional collateral given to secure a mortgage debt prior to a foreclosure of the mortgage was established in the case of Evans v. Provident Trust Company, 319 Pa. 50 (1935), where the court held:

"Furthermore, many decisions recognize the right of a creditor who holds several securities to proceed against any of them so long as the debt remains unpaid. See Ayres v. Wattson, 57 Pa. 360; Landberg v. Equitable Inv. Co., 292 Pa. 476; Hampton v. Congress B. & L. Assn., 300 Pa. 501."

Defendant relies heavily on the ruling in Leonidas v. Carrozza, 66 D. & C. 574 (1949), where the court stayed a sci. fa. sur mortgage proceeding due to a pending equity suit instituted by the mortgagor against the mortgagee for an accounting. The mortgagor offered to pay the mortgage debt when the true amount owing thereon was judicially determined. Here, defendant denies that the loan guaranty agreement was legally executed by the officers of the corporation because it was never authorized by a proper corporate resolution. Moreover, defendant Lutherland alleges the judgment entered by confession was improperly entered and that it should be opened, and its counsel

stated at the oral argument it has a meritorious defense to the action. It is obvious that the position of the mortgagor in Leonidas is totally inapposite to the position of Lutherland in the present controversy and Leonidas must rest upon the peculiar facts there present and is in no sense controlling in the issue here presented.

We hold that the doctrine of a prior pending action has no application in Pennsylvania where defendant holds two or more obligations to evidence a mortgage debt; that it is well established that a mortgagee may proceed on both obligations which evidence the debt at the same time, but if both obligations are reduced to judgment, the mortgagee may have a single satisfaction of the debt. Since the court has control over any judgment entered, defendant is amply protected if plaintiff attempts to obtain more than is justly its due.

In its preliminary objections to amended complaint, defendant asserts:

"6. In issuing said Rule, Your Honorable Court ordered that all proceedings should stay pending return of the rule; the instant proceeding was filed by Plaintiff prior to April 24, 1972, and having identify (sic) with the prior pending proceeding at No. 259 January Term, 1972, constitutes a direct violation of said Rule and Order."

If the language in the show cause order "all proceedings to stay meanwhile" was intended to prohibit a foreclosure action on the mortgage, it was improvidently entered and must be set aside. See Evans v. Provident Trust Company, 319 Pa. 50 (1935), in which case the court dismissed a bill in equity seeking to enjoin the sale of additional collateral given a mortgagee to secure a mortgage debt until the mortgage was foreclosed and a deficiency judgment was established. The Supreme Court applied the principle of law heretofore set forth in this opinion, viz.: that a creditor who

holds several securities has a right to proceed against any of them as long as the debt remains unpaid.

Moreover, it is our conclusion that under the pleadings the suit docketed to January term, 1972, no. 259, is not such a prior pending action which bars plaintiff from pursuing a foreclosure action at the same time.

" ' "A plea of former suit pending must allege that the case is the same, *the parties the same,* and *the rights asserted and the relief prayed for the same; . . ."* ' "*: Dickerson v. Dickersons Overseas Company, 369 Pa. 244, 251 (1952).

The pleadings show that the two cases differ in a number of respects. The foreclosure suit claims $12,165.54 for expenditures incurred as mortgagee in possession. It also claims reimbursement for insurance premiums in the amount of $25,000. This is not true of the suit docketed to January term, 1972, no. 259. Moreover, defendant raises defenses to the confessed judgment which are not available to it in the foreclosure suit. Thus, it alleges while the corporation *authorized the execution of the mortgage, it did not authorize the execution of the loan guaranty.* It raises further defenses which are pertinent only to the confessed judgment action such as violation of the constitutional right of due process. Conceivably, defendant could prevail in the suit docketed to January term, 1972, no. 259, for reasons wholly extraneous to the suit docketed to April term, 1972, no. 1. To bar plaintiff from proceeding with its foreclosure action would be inequitable, because the result in the suit on the confessed judgment may not in any way control or influence the result in the foreclosure suit. On the other hand, defendant is not harmed, since, if it has a meritorious defense to the foreclosure suit, it is not precluded from asserting it. If it has no such defense, to bar or stay the foreclosure proceeding would consti-

tute an unwarranted denial of prompt disposition of plaintiff's cause.

We hold the pleadings do not support defendant's claim that the two suits are the same, the issues the same or the relief sought the same.

## ORDER

And now, September 8, 1972, the preliminary objections are dismissed en toto and Lutherland, Inc., is given 20 days in which to file a responsive pleading to plaintiff's amended complaint.