## Wentzell v. Griggs

*Gary Neil Asteak,* for plaintiff.
*Leonard N. Zito,* for defendants.

WILLIAMS, *P.J.,* May 4, 1976—Defendants Griggs on September 24, 1975, filed a suit in assumpsit against plaintiff to which plaintiff filed an answer and counterclaim. This suit is captioned No. 1231 June Term, 1975.

On October 27, 1975, plaintiff Wentzell filed a mechanic's lien claim to No. 13-A October Term,

1975, arising out of the same set of circumstances as the assumpsit action and counterclaim.

On January 26, 1976, Wentzell filed a complaint to enforce the mechanic's lien claim to which Griggs filed a preliminary objection in the nature of a motion to strike Wentzell's complaint, alleging the pendency of a prior pending action as the ground for the relief sought.

## DISCUSSION

Wentzell's brief cites three cases which deal with the precise issue before us.

In Yanko v. Donaldson, 62 D. & C. 417, 418 (1948), the identical issue here raised was before the court. The court, citing Artman & Co. v. Truby, 130 Pa. 619, 632 (1890), stated:

"A contractor creditor in a building contract 'may pursue the ordinary remedy of a creditor by bringing an action on the debt, or enforce the security by bringing an action of scire facias sur Mechanics Lien. These remedies are concurrent and cumulative': 12 Standard Pa. Practice 171, §256, citing section 58 of the Mechanic's Lien Act. A suit in assumpsit is not barred by the pendency of an action in rem upon a mechanic's claim: Young et al. v. Woodring et al., 3 D. & C. 629, Reno, J.

" 'When the owner and the contractor are the same person, there may not only be a mechanics' lien filed against the owner and contractor, and that prosecuted to judgment, but a personal action may be brought against the owner or contractor on his personal liability on the contract. A party may have many securities for the same debt, and may proceed on them all until he obtains satisfaction': Artman & Co. v. Truby, 130 Pa. 619, 632.

"When a mechanic's lien is filed and a suit in assumpsit is also filed, in a certain sense the cause of action in both cases is the same, namely, the work done and the materials furnished in and about the erection of the building. But, in another view of the matter, the mechanic's lien is but a collateral security, and plaintiff is at liberty to proceed against the property on it at the same time that he resorts to a personal action against defendant. The one is a statutory remedy, and is strictly a proceeding in rem, while the other is the common law right of action for the recovery of a debt, which, when pursued to judgment, entitles plaintiff to have execution upon all, or any portion, of defendant's estate."

The right of a creditor to pursue his remedies on several securities at the same time has been recognized by the Supreme Court in its ruling in Schuylkill Trust Company et al. v. Sobolewski et ux., 325 Pa. 422, 426, 427, 190 Atl. 919 (1937), where it is expressly stated: "Defendants have no ground for complaint that judgment was entered on the bond before the proceedings on the sci. fa. sur mortgage were finally determined. *A mortgagee may pursue his remedies on both the mortgage and the accompanying bond at the same time, though limited, of course, to one ultimate satisfaction.*" (Emphasis supplied.)

The right of a mortgagee to sell additional collateral given to secure a mortgage debt prior to a foreclosure of the mortgage was established in the case of Evans v. Provident Trust Company, 319 Pa. 50, 52, 179 Atl. 452 (1935), where the court held: "Futhermore, many decisions recognize the right of a creditor who holds several securities to proceed against any of them so long as the debt

remains unpaid. See Ayres v. Wattson, 57 Pa. 360; Landberg v. Equitable Inv. Co., 292 Pa. 476; Hampton v. Congress B. & L. Assn., 300 Pa. 501."

## ORDER

And now, May 4th, 1976, preliminary objection is denied and dismissed. Defendants are given 20 days from the date of filing this opinion and order, in which to file a responsive pleading to the complaint.